SHORES, Justice.
In this case the appellants question the legality of the appointment by a presiding circuit court judge of a district court judge to preside over a felony trial within their judicial circuit.
On December 10, 1976, Richard Maury Carroll was indicted by the grand jury of Mobile County for the commission of a felony. During the following month, the presiding judge of the Mobile County Circuit Court assigned the further proceedings under that indictment to The Honorable Thomas F. Sweeney, a judge of the General Sessions Court of Mobile County (a district court). The relators, parents of the person whose death resulted in the indictment, brought a quo warranto action in the Circuit Court of Mobile County challenging the right of Judge Sweeney to exercise the office of circuit judge in those criminal proceedings. That court dismissed the quo warranto complaint with prejudice, and the relators appeal that decision.
*1148 Briefly, the relators contend that neither the Alabama Constitution, the statutes implementing the Judicial Article, nor Rule 13 of the Rules of Judicial Administration allow a presiding circuit court judge to appoint a district court judge to sit as a circuit court judge in a criminal proceeding. Taking a position contra, the amicus curiae, Richard Maury Carroll, also contests the right of the appellants to bring this proceeding by way of quo warranto.
We find, first of all, that these petitioners had standing to initiate this quo warranto proceeding. The question of the standing of an individual citizen to bring such an action has been analyzed in an earlier case which held that our statutory scheme granted that right. Baxter v. State, 243 Ala. 120,9 So.2d 119 (1942); Title 7, §§ 1136, 1137 and 1142, Alabama Code.
Rule 13 of the Rules of Judicial Administration authorizes a presiding circuit judge to temporarily assign a circuit or district judge to serve in either a circuit or a district court within the circuit. The rule finds its sanction in the Constitution.
The Judicial Article, ratified December 27, 1973, Art. 6.11 (carried in Michie’s Code as Art. 6, § 150), mandated that this court “. . . make and promulgate rules governing the administration of all courts. . . . ” The only limitation upon those rules is that they “. . . shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts . . .” or venue, or jury trial. The assignment by the Presiding Judge of the Circuit Court of Mobile County of District Judge Sweeney to preside over a felony trial is not offensive to any of these limitations. The jurisdiction of neither the Circuit nor the District Court of Mobile County is affected by the temporary assignment of a judge from one to the other. The jurisdiction of both courts remains the same, as does the venue of causes in either. The substantive right of no party has been affected by the temporary assignments of Judge Sweeney.
Art. 6.11 of the Judicial Article, standing alone, permits this court to adopt a rule providing for the temporary assignment of judges by the presiding judges of the various circuits. One of the primary goals of the Unified Court System is the maximum utilization of judicial manpower to promote the expeditious dispensation of justice. The Judicial Article, Art. 6.10 (carried in Michie’s Code as Art. 6, § 149), expressly vesting the Chief Justice with authority to temporarily assign any judge to any court in any judicial circuit in the state in no way restricts the authority of this court to promulgate a rule authorizing the presiding circuit judges to temporarily assign judges within the individual circuits.
AFFIRMED.
BLOODWORTH, FAULKNER, JONES and EMBRY, JJ., concur.
MADDOX and BEATTY, JJ., dissent.
TORBERT, C. J., and ALMON, J., not sitting.