ADAMS, Justice,
dissenting.
I respectfully dissent. I dissent because Rule 13, A.R.J.A., is unconstitutional. The Alabama Constitution, § 149, places the power of assignment of trial judges for temporary service in the Chief Justice of the Supreme Court. Although the Supreme Court has been given rule making power, that power cannot supersede the Constitution of the State of Alabama.[1]
Because the authority for the appointment of Judge Burke in this case is found in the state’s Constitution, his improper appointment goes to the very jurisdiction of the court to hear and try this case. Being *1276 jurisdictional, it cannot be made the subject of waiver. I recognize that 46 Am.Jur.2d Judges, § 260 (1969) states:
Generally, it has been held that objections to the appointment or authority of a special or substitute judge may be waived, either expressly, or by proceeding in the cause before him without objecting. Under this view, a party who agrees to have his case tried by or before a particular special or substitute judge waives his right to object to that judge. Ordinarily, the objection must be made at or before the trial. If not made in the trial court, it will generally be regarded as waived. Thus, most of the cases hold that it is too late to object after trial, by motion in arrest of judgment or similar motion.
However, that section also states:
The lack of jurisdiction of one assigned to hold court in another district, to determine new questions arising on subsequent proceedings in causes submitted to him in such district, after his return to his own district, cannot be waived.
And 46 Am.Jur.2d Judges § 261 (1969) states:
[I]f the record affirmatively shows that the judge deciding the case was neither a de jure nor a de facto officer, a litigant adversely affected may object for the first time upon appeal. A challenge on constitutional grounds to the authority of a substitute trial judge may be raised for the first time on appeal.
Here, the record affirmatively shows that Judge Burke was neither a de jure nor a de facto officer and, accordingly, should not have sat for the trial of this case, as his mere presence nullified the proceedings in this case.
MADDpOX and BEATTY, JJ., concur.

. A full development of the reasons why Rule 13 is unconstitutional can be found in Justice Beatty’s dissent in State ex rel. Locke v. Sweeney, 349 So.2d 1147 (Ala.1977).