ENGLAND, Justice.
The Kirby Company (“Kirby”), a defendant in four civil actions pending in the Bullock Circuit Court, seeks a writ of mandamus compelling Judge L. Bernard Smit-hart to vacate his orders assigning District Judges Robert L. Bowden and Michael Emfinger to preside over these four cases, in which he had recused himself.
This matter involves four similar cases pending in the Third Judicial Circuit, in which Kirby and other defendants have been sued by consumers who allege fraud arising from the retail sale and financing of vacuum cleaners. Kirby filed a “Suggestion of Disqualification and Motion for Recusal” on grounds that some of the plaintiffs were represented by Judge Smit-hart’s former law firm, which some of the plaintiffs had consulted while the judge was still associated with the firm. Judge Smithart partially granted that motion, re-cusing himself in the four cases in which *292 his former law firm serves as counsel of record. Judge Smithart then appointed Judge Bowden, a district court judge in Barbour County, to hear one of the cases and appointed Judge Emfinger, a district court judge in Bullock County, to hear the remaining three cases. Kirby petitions this court to vacate the orders of Judge Smithart in which he has attempted to select his successor in certain cases in which he is disqualified.
We first note that three of the cases—Key v. Kirby Co., CV-99-56; White v. Kirby Co., CV-99-111; and Rogers v. Kirby Co., CV-99-141—have been reassigned by the Administrative Office of Courts. Therefore, the issue of how Judge Smithart should appoint his successor in these cases is moot. The petition is denied as to those cases.
The fourth case in which Judge Smithart attempted to appoint his successor, Surles v. Fidelity Federal Bank, CV-00-15, was assigned to Judge Bowden. The appointment of Judge Bowden to hear the case is inconsistent with this Court’s opinion in Ex parte Jim Walter Homes, Inc., 776 So.2d 76 (Ala.2000) In Jim Walter Homes, this Court held:
“[0]nce the presiding judge of a judicial circuit has been disqualified from a case under the Canons of Judicial Ethics, either voluntarily or by objection, the appropriate procedure for initiating a reassignment of the case is as follows: In a circuit with more than one circuit judge, the presiding judge shall enter an order notifying the next senior judge within that circuit of the presiding judge’s disqualification. A circuit judge who is so notified but who is also disqualified shall enter an order notifying the next senior judge within that circuit of that judge’s disqualification. A circuit judge who is so notified and who is not disqualified shall become the judge to whom the case is assigned, unless that judge assigns the ease to another judge within the circuit who agrees to take the case. In a circuit with only one circuit judge, if the district judge within the county in which the action is pending has been temporarily assigned by the presiding circuit judge to serve in circuit court pursuant to Rule 13, Ala.R.Jud.Admin., the circuit judge shall notify that district judge of the circuit judge’s disqualification. If no judge with authority to hear the case is available in the county in which the action is pending, the case shall be referred to the AOC for assignment of a judge.”
776 So.2d at 80.
We grant the petition insofar as it relates to Surtes v. Fidelity Federal Bank, CV-00-15, and direct Judge Smithart to set aside his order assigning the case to Judge Bowden and to follow the procedure established in Ex parte Jim Walter Homes.
Kirby Company also argues that if Judge Smithart is disqualified from hearing the cases in which he recused, then he is indirectly disqualified from hearing 10 other cases involving similarly situated plaintiffs asserting identical claims against the same defendant. In addition, Kirby Company argues that the remaining 10 cases should be consolidated and reassigned, in the interest of judicial economy. However, those 10 cases are not before this Court. This Court, on April 21, 2000, denied Kirby’s mandamus petition insofar as it related to those 10 cases.
PETITION GRANTED IN PART AND DENIED IN PART.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.