James Kenneth Atchley, Sr., petitions this Court for a writ of mandamus directing Judge F. Timothy Riley to recuse himself from the underlying legal-malpractice litigation. Atchley also requests that, once Judge Riley recuses himself, this Court "permit" the Administrative Office of Courts ("AOC") to appoint a judge to sit in the case. We deny the petition.
 Background
In January 2005, Atchley sued his former attorney, Lawton Dale Fuller, in the Marshall Circuit Court, alleging legal malpractice. In February 2005, both of the judges in the Marshall Circuit Court, Presiding Judge Tim Jolley and Judge David Evans, recused themselves from Atchley's legal-malpractice action. Apparently pursuant to a standing order, Atchley's case was then reassigned to Judge Riley, the presiding district court judge. Atchley moved Judge Riley to recuse himself because, he said, "there has been no appropriate assignment or order appointing Judge Riley to this case," and because "Fuller[,] being a local attorney, . . . give[s] an appearance of impartiality [sic]." Atchley's mandamus petition, Exhibit 2. Judge Riley denied Atchley's motion, entering the following statement on the case-action summary: "Standing Order By Presiding Circuit Judge assigning cases to either other Circuit Judge or Presiding District Judge applies in this case. The undersigned is the Presiding District Judge. Motion to Recuse is denied." Atchley now petitions this Court for a writ of mandamus ordering Judge Riley to recuse himself and "permitting" the AOC to reassign this case because once Judge Riley recuses himself there will not be a judge with authority to hear the case available in Marshall County.
 Standard of Review "`A writ of mandamus is an extraordinary form of relief.' Ex parte Alabama Dep't of Mental Health Mental Retardation, 837 So.2d 808, 810
(Ala. 2002). `[A] writ [of mandamus] will issue only upon a showing of "(a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly *Page 515 
invoked jurisdiction of the court."' Ex parte Puccio, 923 So.2d 1069, 1072 (Ala. 2005) (quoting Ex parte McInnis, 820 So.2d 795, 798
(Ala. 2001))."
Ex parte City of Tuskegee, 932 So.2d 895, 900
(Ala. 2005).
 Analysis I.
Rule 13(A), Ala. R. Jud. Admin., provides that "[t]he presiding circuit court judge may temporarily assign circuit or district court judges to serve either within the circuit or in district courts within the circuit." Atchley argues that, because Judge Jolley, the presiding circuit judge of the Marshall Circuit Court, recused himself from this case, he could not then "assign" this case to Judge Riley under Rule 13(A), Ala. R. Jud. Admin. It is true that the authority of the presiding circuit judge to assign a case is circumscribed where that judge is disqualified from sitting on that case. See Ex parte JimWalter Homes, Inc., 776 So.2d 76 (Ala. 2000); and Exparte Kirby Co., 784 So.2d 290 (Ala. 2000). In Ex parteJim Waller Homes, the trial judge recused himself and then personally assigned the case to another judge of his choosing. This Court concluded that the trial judge's actions created the appearance of impropriety and held that
 "after a judge presiding in a particular case has been disqualified from hearing that case, under the Canons of Judicial Ethics, either voluntarily or by objection, he or she can take no further action in that case, not even the action of reassigning the case under Rule 13, Ala. R. Jud. Admin."
776 So.2d at 80.
This Court then held that the appropriate procedure for initiating the reassignment of a case when the presiding judge in the circuit has been disqualified from a case under the Canons of Judicial Ethics is as follows:
 "[1] In a circuit with more than one circuit judge, the presiding judge shall enter an order notifying the next senior judge within that circuit of the presiding judge's disqualification. A circuit judge who is so notified but who is also disqualified shall enter an order notifying the next senior judge within that circuit of that judge's disqualification. A circuit judge who is so notified and who is not disqualified shall become the judge to whom the case is assigned, unless that judge assigns the case to another judge within the circuit who agrees to take the case. [2] In a circuit with only one circuit judge, if the district judge within the county in which the action is pending has been temporarily assigned by the presiding circuit judge to serve in circuit court pursuant to Rule 13, Ala. R. Jud. Admin., the circuit judge shall notify that district judge of the circuit judge's disqualification. If no judge with authority to hear the case is available in the county in which the action is pending, the case shall be referred to the AOC for assignment of a judge."
Ex parte Jim Walter Homes, 776 So.2d at 80.
This case is not squarely addressed by the holding in Exparte Jim Walter Homes. Marshall County has two circuit judges, both of whom recused themselves from hearing Atchley's legal-malpractice case. However, the second scenario outlined above, pertaining to circuits with only one circuit judge, is applicable to this case by analogy because, whether one circuit judge in a circuit with only one circuit judge recuses himself or herself or two circuit judges in a circuit with only two circuit judges recuse themselves, the result is the same: no other circuit judge in the circuit has authority to hear the case. *Page 516 
In such an instance, if the district judge in that county has been "temporarily assigned by the presiding circuit judge to serve in circuit court pursuant to Rule 13, Ala. R. Jud. Admin., the circuit judge shall notify that district judge of the circuit judge's disqualification." We see no reason that a district judge with authority to serve in the circuit court pursuant to Rule 13, Ala. R. Jud. Admin., may not do the same.
Atchley contends that because both circuit judges in the circuit recused themselves the AOC must appoint a judge to hear his case. However, Ex parte Jim Walter Homes calls for the AOC to appoint a judge in a particular case "[i]f no judge with authority to hear the case is available in the county in which the action is pending. . . ." If Judge Jolley, the presiding circuit judge, provided in a standing order that the presiding district judge shall be temporarily assigned to serve in the circuit court when needed, pursuant to Rule 13, Ala. R. Jud. Admin., then Judge Riley is a "judge with authority to hear the case . . . in the county in which the action is pending," and Atchley's case need not be referred to the AOC for reassignment.
Atchley does not include Judge Jolley's standing order as an attachment to his mandamus petition. See Rule 21(a)(1)(E), Ala. R.App. P. ("The petition shall contain . . . [c]opies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition."). We presume that trial court judges know and follow the law. See Ex parte Slaton, 680 So.2d 909, 924
(Ala. 1996) ("Trial judges are presumed . . . to know the law and to follow it in making their decisions."); and Carter v.State, 627 So.2d 1027, 1028 (Ala.Crim.App. 1992) ("A trial judge's actions are presumptively correct in the absence of a showing to the contrary."). Thus, absent evidence to the contrary, we presume that the standing order provides a procedure that is consistent with the procedure in Ex parteJim Walter Homes. That presumption is consistent with Judge Riley's May 20, 2005, entry on the case-action summary, which Atchley does attach to his mandamus petition: "Standing Order By Presiding Circuit Judge assigning cases to either other Circuit Judge or Presiding District Judge applies in this case. The undersigned [Judge Riley] is the Pre-siding District Judge." We presume that the standing order provides for the presiding district judge to temporarily sit in the circuit court when needed, a scenario that Rule 13, Ala. R. Jud. Admin., permits, and such an order would negate the alleged impropriety of a judge who has recused himself or herself from a case from assigning that case to another judge; therefore, we cannot conclude that the assignment of this case to Judge Riley was improper.[1]
 II.
Atchley argues that Canon 3.C., Canons of Judicial Ethics, requires that *Page 517 
Judge Riley recuse himself from Atchley's case. Canon 3.C.(1) provides in pertinent part that "[a] judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned. . . ." In Ex parte City of Dothan PersonnelBoard, 831 So.2d 1 (2002), this Court noted:
 "`Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when "facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge." Specifically, the Canon 3(C) test is: "Would a person of ordinary prudence in the judge's position knowing all the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?" The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality — whether there is an appearance of impropriety.'"
831 So.2d at 5-6 (quoting Ex parte Duncan,638 So.2d 1332, 1334 (Ala. 1994) (citations omitted)).
Atchley contends that Judge Riley cannot "legally" preside over this case because, he says, "Defendant Fuller has practiced in Judge Riley's courtroom on countless cases and Judge Riley and Fuller have an affinity relationship, are members of the same bar association, and decided opinions would compromise Judge Riley's ability to look to the issues and evidence in the case versus his opinions." Atchley's mandamus petition, p. 5. Atchley does not describe Fuller and Judge Riley's "affinity relationship" nor does he present any facts that would reasonably call into question Judge Riley's impartiality with respect to Atchley. Atchley fails to distinguish the relationship between Fuller and Judge Riley from the typical attorney-judge relationship. Thus, the facts as presented by Atchley's petition do not support his argument that Judge Riley cannot preside over his case impartially.
 Conclusion
Atchley has not demonstrated that his case was improperly assigned to Judge Riley or that, if it was properly assigned, Judge Riley is disqualified from presiding over it. Thus, he has not shown a clear legal right to the relief he seeks. Accordingly, we deny Atchley's petition for the writ of mandamus.
PETITION DENIED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Atchley also argues that "the standing order appears to equate with a local rule prohibited by Rule 83, Ala. R. Civ. P., and abolished 4/14/92." Atchley's mandamus petition, pp. 4-5. Rule 83, Ala. R. Civ. P., provides: "All local rules are abolished effective April 14, 1992, and no local rules shall thereafter be permitted." However, Rule 83, Ala. R. Civ. P., as amended in 1992, allows a trial court to issue orders relating to procedure in the court so long as the area addressed by the order is not within the purview of the Alabama Rules of Civil Procedure. Committee Comments to April 14, 1992, Amendment to Rule 83, Ala. R. Civ. P. ("The abolition of local rules does not prevent the trial court from issuing orders that are essential to the administration of its docket in areas outside the scope of the Alabama Rules of Civil Procedure."). The standing order appears to fall within this category of permitted orders.