MOORE, Judge.
In advance of a scheduled trial on her motion to modify certain restrictions on her visitation with her three minor children, Tammy Griffith (“the mother”) filed a motion seeking the recusal of Judge Greg Nicholas, the judge assigned to preside over the action and the' presiding judge of the Cullman Circuit Court, which motion was granted on January 7, 2015. The next day, Judge Martha Williams, the only other circuit judge in that circuit, also recused, herself fror» the case, returning the ease to Judge Nicholas for reassignment. On January 12, 2015, Judge Nicholas entered an order purporting to appoint Cullman .District Judge Wells R. Turner III as an ex officio circuit judge and to reassign the case to Judge Turner. On January 20, 2015, the mother filed a motion objecting to the reassignment of the ease to Judge Turner and seeking his recusal. Judge Turner denied that motion on January 26, 2015.
On February 10, 2015, the mother filed a petition for a writ of mandamus directing Judge Turner to recuse himself and/or directing Judge Nicholas to vacate- his order reassigning the ..case to Judge Turner. For the following reasons, we grant the petition in part by issuing an writ ordering Judge Nicholas to vacate his order reassigning the case to Judge Turner, which moots that , part of the petition requesting the issuance of a writ directing Judge Turner to recuse himself.
“Our supreme court has set forth the following standard by which this eourt considers a petition for a writ of mandamus:
“‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so;- (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
“Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1905). ‘The petitioner bears the burden of proving each of these elements before the writ will issue.’ Ex parte Glover, 801 So.2d 1, 6 (Ala.2001). Moreover, ‘in mandamus proceedings, we indulge all reasonable presumptions favoring the correctness of the judgment appealed from, and the petitioner must overcome this presumption by satisfactorily countervailing evidence.’ Ex parte Boykin, 568 So.2d 1243, 1244 (Ala.Civ.App.1990). ‘[T]he writ is not to be granted unless there is a clear showing of error in the trial court.’ Ex ponte Shepherd, 560 So.2d 1089, 1090 (Ala.Civ.App.1990).”
Ex parte Everest Nat’l Ins, Co., 80 So.3d 954, 956-57 (Ala.Civ.App.2011).
In Ex parte Jim Walter Homes, Inc., 776 So.2d 76 (Ala.2000), the only circuit-court judge in Sumter County recused himself and reassigned the case to a district-court judge in Greene County. Id. at 77. In addressing whether -the- reassignment of'the ease by the Sumter circuit- *887 court judge to the Greene district-court judge was proper, our supreme court held, in pertinent part:
“[I]n order'to -avoid the appearance of impropriety, we hold that after a judge presiding in a particular case has been disqualified .from hearing that case, under the Canons of Judicial Ethics, either voluntarily or by objection, he or she can take no further action in that case, not even the action of reassigning the,case under Rule 13; Ala. R. Jud. Admin. For such a judge to make the reassignment would be contrary to Canon 3(C), [Canons of Jud. Ethics,] because the- impartiality of the reassignment might reasonably be questioned.

''....

“We therefore hold that once the presiding judge of a judicial circuit has been disqualified from a case under the Canons of Judicial Ethics, either voluntarily or by objection, the appropriate procedure for initiating a reassignment of the ease is as follows: In a circuit with more than one circuit judge, the presiding judge shall enter an order notifying the next senior judge within that circuit of the presiding judge’s disqualification. A circuit judge who is so notified but who is also disqualified shall enter an order notifying the next senior judge within that circuit of that judge’s disqualification. A circuit judge who is so notified and who is not disqualified shall become the judge to whom the ease is assigned, unless that judge assigns the ease'to another judge within the circuit who agrees to take the case. In á circuit with only one circuit judge, if the district judge within the county in which the action is pending has been temporarily assigned by the presiding circuit judge to seras in circuit court pursuant to Rule 13, Ala. R. Jud. Admin., the circuit judge shall notify that district judge of the circuit judge’s disqualification. If no judge with authority, to hear the case is available in the county, in which the action is pending, the case shall be refereed to the [Administrative Office of . Courts] for assignment of a judge.” .
776 So.2d at 80.
_ In Ex parte Atchley, 936 So.2d 613 (Ala.2006), both of the judges in the Marshall Circuit Court recused themselves, and, pursuant tp a standing order, the case was reassigned to the. presiding district judge of Marshall County, who declined to recuse himself. 936 So.2d at 614. Our supreme court observed, in pertinent part:
“This case is not squarely addressed ■by the holding in Ex parte Jim Walter Homes, Inc.[, 776 So.2d 76 (Ala.2000) ]. Marshall County has two circuit judges, ■ both of whom recused themselves from hearing Atchley’s legal-malpractice case. However, the second scenario outlined above, pertaining to circuits with only one circuit judge, is applicable to this case by analogy because, whether one circuit judge in a circuit with only one circuit judge recuses himself or herself or two circuit judges in a circuit with only, two circuit judges recuse them- . selves, the result i,s the same: no other circuit judge in the circuit has authority to hear the case. In such an instance, if the district judge in that county has been ‘temporarily assigned by the presiding circuit judge- to serve in circuit court pursuant to Rule 13, Ala. R. Jud. Admin., the circuit judge shall notify that district judge of the circuit judge’s disqualification.’ We see no reason that a district judge with authority to serve in the circuit court pursuant to Rule 13, Ala. R. Jud. Admin., may not do the same.”
936 So.2d at 615-16. Our supreme coui’t then noted that, if a presiding circuit-court judge has provided in a standing order *888 that the presiding district-court judge shall be temporarily assigned to serve in the circuit court when needed, pursuant to Rule 13, Ala. R. Jud; Admin., then that district-court judge would be one “‘with authority to hear the case ... in the county in which the action is pending,”’ in accordance with Ex parte Jim Walter Homes. 936 So.2d at 516. Our supreme court further stated, however:
“We presume that the standing order provides for the presiding district judge to temporarily sit in the circuit court when needed, a scenario that Rule 13, Ala. R. Jud. Admin., permits, and such an order would negate the alleged impropriety of a judge who has recused himself or herself from a case from assigning that case to another judge; therefore, we cannot conclude that the assignment of this case to Judge Riley was improper.”

Id.

We read the foregoing cases as establishing the general rule that a presiding circuit-court judge who has recused himself or herself from a case cannot reassign the case to a district-court judge. However, if all the circuit-court judges have re-cused themselves, and the presiding circuit-court judge has previously entered a standing order appointing a district-court judge as an ex officio circuit-court judge, the last, and presumably, least' senior, circuit-court judge to recuse himself or herself may refer the case to that district-court judge.
In this case, Judge Nicholas re-cused himself from the. case on January 7, 2015. Pursuant to Ex parte Jim Walter Homes, Judge Nicholas properly referred the case to the only other circuit-court judge in Cullman County, Judge Williams, who also recused herself, leaving no other circuit-court judge to hear the case. According to Ex parte Atchley, Judge Williams could have referred the case to a Cullman districNcourt judge who had been appointed to act as an ex officio circuit-court judge by a prior standing order. However, the materials before us do not indicate that Judge Turner had previously been appointed as an ex officio circuit-court'judge; rather, in his January 12, 2015, order, Judge Nicholas specially appointed Judge Turner to act as ah ex officio circuit-court judge solely for the purpose of hearing this case. Ex parte Jim Walter Homes forbids such action.
We therefore conclude that the mother has demonstrated a clear right to the relief sought, warranting the issuance of a writ of mandamus. We, therefore, grant the mother’s petition and issue a writ of mandamus directing Judge Nicholas to .vacate his January 12, 2015, order assigning the case to Judge Turner and to refer the case to the Administrative Office of Courts for reassignment. Any orders entered following the purported reassignment of this case by Judge Nicholas on January 12, 2015, are to be vacated as well. See Ex parte Jim Walter Homes, 776 So.2d at 80. The petition is moot insofar as it seeks a writ of mandamus compelling Judge Turner to recuse himself.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J„ recuses herself.