On Application for Rehearing
As set forth in our opinion released on original submission, M.J. (“the father”) filed a civil action against L.R.S. (“the mother”) alleging a dispute as to the custody of J.J., the child of their nonmari-tal relationship. L.R.S. v. M.J., 229 So.3d 772, 774-75 (Ala. Civ. App. 2016). That civil action actually was-originally filed in the Mobile Circuit Court. The clerk of that court assigned the action case number “CS-2015-900545.00” and referred the case .to Judge George A. Brown, a Mobile District Court judge, who sits as the presiding judge of the Mobile Juvenile Court.[1] In our opinion on original submission, this court concluded that the Mobile Juvenile Court did not have jurisdiction, over the custody dispute, and we dismissed the appeal as arising from a void judgment, with instructions to vacate the judgment. 229 So.3d at 777.
On application for rehearing, the father attaches a standing order entered by the presiding judge of the Mobile Circuit Court on January 2, 2009 (“the standing order”), which provides as follows:
“By‘ order of the Presiding Judge of the Circuit- Court of Mobile, Alabama, all custody and visitation cases in this jurisdiction that do not arise out of a divorce action of modification or a divorce judgment shall be assigned to the District Court Judge who is currently also assigned to the Juvenile Court. This is the longstanding practice in.this jurisdiction and shall continue to be handled: this *778 way, via Circuit Court clerk assignment, pending further orders.- .The Circuit Court clerk shall accept filings in the Circuit Court civil division and assign the cases as set out herein.”[2] •
The father asserts that, pursuant to the standing order, Judge Brown was.acting in his capacity as a “special appointed judge” when adjudicating the underlying custody dispute, and, thus, he says, Judge Brown entered a valid judgment and this court erred in dismissing the mother’s appeal.[3]
Rule 13(A), Ala. R. Jud. Admin., authorizes the presiding judge of a judicial circuit to “temporarily assign circuit or district court judges to serve either within the circuit or in district courts within the circuit.” Our supreme court has interpreted Rule 13 as permitting a-standing order providing for a district-court judge “to temporarily sit in the circuit court when needed.” Ex parte Atchley, 936 So.2d 513, 516 (Ala. 2006). When acting pursuant to such a standing order, a district-court judge acts as an ex officio circuit-court judge with' the authority to perform any judicial action within the jurisdiction of the circuit court." See Ex parte Griffith, 178 So.3d 885 (Ala. Civ. App. 2015). A judgment entered by a district-court judge when acting in an ex offi-cio capacity as a circuit-court judge pursuant to Rule Í3(A) would bé as valid as any other judgment entered by a circuit-court judge. See State ex rel. Locke v. Sweeney, 349 So.2d 1147 (Ala. 1977).
However, in this case, the standing order does not merely authorize a district-court judge to act.as an ex officio circuit-court judge “temporarily ... when needed.” Ex parte Atchley, 936 So.2d at 516. The standing order purports to assign an entire class of circuit-court cases, i.e., “all custody and visitation cases in this jurisdiction that do not arise out of a divorce action of modification or a divorce judgment,” to the “District Court Judge who is currently also assigned to- the Juvenile Court.” The -standing order further expresses the intent of the presiding judge to continue a “longstanding practice” “pending further orders.” As a practical matter, under the standing order, in the 13th Judicial Circuit, each and every child-custody and visitation case arising outside the divorce context is adjudicated by the Mobile Juvenile Court.
In promulgating Rule 13(A), pur supreme court delegated the power of judicial reassignment to the presiding judges of the various judicial circuits. Sweeney, 349 So.2d at 1148. That power comes subject to the constitutional limita-tiop that any eourt-made rule “shall not ... affect the jurisdiction of circuit and district courts.” .Amendment No. 328, § 6.11 (Art. VI, § 150, Ala. Const. 1901 (Off. Recomp.)).
“Subject-matter jurisdiction concerns a court’s power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘ “By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.” ’ (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 *779 (2002)(subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case).”
Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006) (emphasis omitted).
In Sweeney, supra, our supreme court determined that Rule 13(A) does not violate § 6.11 in permitting a presiding circuit-court judge to reassign a district-court judge temporarily to the circuit court in order to hear a criminal case. The court specifically noted as follows:
“The jurisdiction of neither the Circuit nor the District Court of Mobile County is affected by the temporary assignment of a judge from one to the other. The jurisdiction of both courts remains the same, as does the venue of causes in either.”
349 So.2d at 1148. The holding in Sweeney does not apply here because the standing order in this case does more, than appoint the Mobile Juvenile Court judges temporarily to the Mobile Circuit Court. The standing order in this case effectively enlarges the jurisdiction of the Mobile Juvenile Court to include all nondivorce child-custody and visitation cases, even those, like the one in this case, that do not fall within the statutory jurisdiction of a juvenile court. We do not believe Rule 13(A) authorizes the standing order at issue in this case because it “affects” the jurisdiction of the Mobile Juvenile Court in a manner that violates the constitutional limitation on the judicial rule-making power, and, hence, we find the standing order to be void ab initio. See Ex parte Ward, 540 So.2d 1350 (Ala. 1988) (holding resolution and order promulgated by supreme court that violated constitutional prohibition against suspension of laws- to be void ab initio).
The father relies solely on the standing order to support his argument that Judge Brown had .the authority to enter the custody determination in the underlying case. Because we have determined that the standing order lacks any legal effect, we conclude that Judge Brown was not acting as a properly appointed circuit-court judge when he 'entered the judgment. We maintain our holding that the judgment is void for lack of subject-matter jurisdiction and that the appeal was correctly dismissed on original submission. Thus, we overrule the application for rehearing.
APPLICATION .OVERRULED.
Thompson, P.J., and Pittman, J., concur.
Donaldson, J., concurs in the result, with writing, which Thomas, J., joins.

. We take judicial notice that the Mobile Juvenile Court is a division of the Mobile District Court in the 13th Judicial District.

. Although the standing order is not a part of the appellate record, we consider its contents for' the limited purpose of deciding the jurisdictional issue before us. See Ex parte Atchley, 936 So.2d 513, 516 (Ala. 2006).

. Rule 40(a), Ala. R. App. P., provides: “A party who has not prevailed may apply for a rehearing by filing an application for rehearing.” In dismissing the mother's appeal, we ordered the Mobile Juvenile Court to vacate the judgment awarding the father custody of the child. Because our opinion adversely affected the father’s custody rights, we consider him "[a] party who has not prevailed” within the meaning of Rule 40(a).