REL:  February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

———————————————

### CL-2022-0770

———————————————

### D.F.H.

v.

### E.R.S.

**Appeal from St. Clair Probate Court
(N-2021-212)**

MOORE, Judge.

D.F.H. ("the presumed father") appeals from a judgment entered by the St. Clair Probate Court ("the probate court") granting the petition of E.R.S. ("the stepfather") to adopt I.F.H. ("the child").  We affirm the judgment.

Pertinent Procedural History

The child was born on August 5, 2017, during the marriage of the presumed father to E.M.S. ("the mother"). See Ala. Code 1975, § 26-10A-2(11) & § 26-17-204(a)(1) (characterizing the husband of the mother of a child born during the marriage as the "presumed father" of that child). On March 4, 2019, the St. Clair Circuit Court entered a judgment divorcing the presumed father and the mother; the mother subsequently married the stepfather on September 13, 2019. On May 6, 2021, the stepfather filed a petition to adopt the child, along with, among other things, the written consent of the mother to the adoption. The stepfather served notice of the petition for adoption on the presumed father on June 18, 2021.

On June 30, 2021, the presumed father filed an acknowledgment of receipt of the petition and a notice indicating that he was contesting the adoption of the child. On July 1, 2021, the probate court appointed a guardian ad litem for the child and set the matter for a hearing to adjudicate the contest of the adoption. The probate court granted the motion of the presumed father to continue that hearing, and the hearing

was eventually held on December 13, 2021. During the hearing, the probate court received testimony from the presumed father and the mother and admitted several exhibits into evidence.

On February 2, 2022, the probate court entered an order ("the contest order") denying the contest of the adoption. In the contest order, the probate court found that the presumed father

> "has failed to maintain a significant parent-child relationship with [the child]. Furthermore, [the probate court] finds that [the presumed father] knowingly left [the child] with others without provision for support and without communication, and failed to otherwise maintain a significant parent-child relationship with [the child] for a period in excess of six (6) months.
>
> "Having found the foregoing by clear and convincing evidence, [the probate court] finds that [the presumed father] has given his implied consent to the adoption petition filed by [the stepfather] in accordance with the provisions of § 26-10A-9, Code of Alabama (1975)."

Although the probate court characterized the contest order as a final judgment, the contest order was an interlocutory order because it did not terminate the adoption proceedings. See B.V. v. J.M., 306 So. 3d 38 (Ala. Civ. App. 2020).

3

On February 14, 2022, the presumed father filed a "motion to alter, amend, or vacate" the contest order, which was, in substance, a motion to reconsider that interlocutory order. See generally Ex parte Troutman Sanders, LLP, 866 So. 2d 547, 549 (Ala. 2003). The probate court held a hearing on the motion to reconsider on February 24, 2022, and entered an order denying that motion on February 25, 2022. The presumed father filed a notice of appeal of the contest order on March 10, 2022. On April 2, 2022, this court dismissed the appeal as arising from a nonfinal judgment. See B.V. v. J.M., supra. After the dismissal of the appeal, the probate court conducted a dispositional hearing and, on June 10, 2022, entered a final judgment approving the adoption of the child by the stepfather. The presumed father filed a timely notice of appeal of the final judgment on June 22, 2022. See Ala. Code 1975, § 26-10A-26(a) (providing that a party has 14 days to appeal from the entry of a final judgment of adoption).

## Motion to Dismiss

Before proceeding to the merits, we must first address the stepfather's pending motion to dismiss the father's appeal. The

stepfather has moved to dismiss the appeal on the ground that the presumed father filed his brief in support of his appeal four days late. Rule 31(a), Ala. R. App. P., generally requires an appellant to file the appellant's brief within 28 days of the date of the certification of the completion of the record on appeal. However, this court has discretion under Rule 10(f)(1), Ala. R. App. P., to suspend the briefing schedule when a party seeks to supplement the record after certification of the completion of the record by the trial-court clerk. This court exercised that discretion in this case by ordering the presumed father to file his appellant's brief on or before October 10, 2022, following the supplementation of the record to include a transcript of the hearing on the motion to reconsider the contest order. The presumed father, without requesting an extension of time, see Rule 31(d), Ala. R. App. P., did not file his brief until October 14, 2022.

Rule 31(d), Ala. R. App. P., provides that if an appellant fails to file a brief timely, the appellee may move to dismiss the appeal. Rule 31(d) does not require this court to grant the motion, however. Rule 2(b), Ala. R. App. P., allows this court to suspend the time requirements for filing

briefs set forth in Rule 31 on its own motion for any good cause, see Gaines v. Gaines, 472 So. 2d 1033 (Ala. 1985), including the overarching purpose of the rules of appellate procedure "to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits." Rule 1, Ala. R. App. P. In this case, like in Gaines, we accept the presumed father's explanation for the tardiness in filing the appellant's brief and, in the absence of any claimed or demonstrated prejudice to the stepfather, and in light of the admonition of Rule 1 to decide appeals based on the merits, we conclude that it would be unduly harsh to dismiss this appeal on the basis of that tardiness. Therefore, the stepfather's motion to dismiss is denied.

## Issues

On appeal, the presumed father argues that the probate court erred in determining that he had given his implied consent to the adoption of the child. The presumed father maintains that the probate court did not receive sufficient evidence to sustain the factual findings made in the contest order and that, even if it did, the probate court misapplied the law to those facts to reach its conclusion that he had impliedly consented

6

to the adoption. Therefore, the presumed father argues, the final judgment of adoption should be reversed. We note that we may reach the issues raised by the presumed father because his appeal of the final judgment of adoption authorizes this court to also review the interlocutory order adjudicating the adoption contest. See Ex parte C.D., [Ms. 2210248, Nov. 18, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022).

Analysis

Under the Alabama Adoption Code ("the AAC"), Ala. Code 1975, § 26-10A-1 et seq., the consent of a presumed father to an adoption is ordinarily required before a probate court may grant the adoption. See Ala. Code 1975, § 26-10A-7(a)(3). When a presumed father files a motion contesting the adoption, the probate court must conduct an adjudicatory hearing on the contest pursuant to Ala. Code 1975, § 26-10A-24, to ascertain, among other things, whether the necessary consent has been validly given. See Ala. Code 1975, § 26-10A-24(a)(3). In this case, the probate court held the adjudicatory hearing for the express purpose of ascertaining whether the presumed father had given his implied consent to the adoption. Based partially on the oral testimony that it had

7

received in the contest hearing, the probate court found that the presumed father had not supported, communicated with, or maintained a significant parent-child relationship with the child for a period in excess of six months, and, based on those findings, determined that the presumed father had given his implied consent to the adoption of the child by the stepfather. The father challenges the factual findings contained in the contest order on the ground that those findings were not supported by the requisite clear and convincing evidence, see Ala. Code 1975, § 26-10A-25(b)(2) (requiring, among other things, clear and convincing evidence of implied consent), but we cannot consider that challenge. The presumed father has not provided this court with a transcript of the testimony from the proceedings or a statement of the evidence in compliance with Rule 10(d), Ala. R. App. P. In such circumstances, this court conclusively presumes that the missing testimony fully supports the factual findings of the probate court that are contained in the contest order. See R.W.S. v. C.B.D., 244 So. 3d 987, 995 (Ala. Civ. App. 2017).

The presumed father argues that the final judgment of adoption should nevertheless be reversed because, he says, the probate court misapplied the law to the facts. Section 26-10A-9(a)(3), Ala. Code 1975, provides:

"(a) A consent or relinquishment required by [Ala. Code 1975, §] 26-10A-7[,] may be implied by any of the following acts of a parent:

".....

"(3) Knowingly leaving the adoptee with others without provision for support and without communication, or not otherwise maintaining a significant parental relationship with the adoptee for a period of six months."

The presumed father contends that the probate court misapplied § 26-10A-9(a)(3) in two respects. First, the presumed father maintains that the "period of six months" referred to in § 26-10A-9(a)(3) includes only the period before the filing of the petition for adoption. The presumed father asserts that the probate court found that he had committed the conduct described in § 26-10A-9(a)(3) from December 2020 to June 2021, which, the father says, impermissibly included a period after the stepfather had filed his adoption petition on May 26, 2021. Second, the

9

presumed father claims that the probate court erroneously determined that it was constrained by § 26-10A-9(a) to find implied consent based on its finding of the factors set forth in § 26-10A-9(a)(3). We address each argument in turn.

In the contest order, the probate court did not specify the dates of the relevant six-month period, but in the oral argument on the motion to reconsider, the probate court indicated that the evidence adduced at the contest hearing showed that the father had not communicated with the child between December 2020 and June 2021. Assuming, without deciding, that the probate court considered conduct of the father committed during that period, which would have included approximately one month after the filing of the adoption petition, we conclude that the probate court did not commit any legal error in this respect.

Section 26-10A-9(a)(3) does not provide that the course of conduct described therein must have occurred during a six-month period preceding the date of the filing of the adoption petition. The plain language of § 26-10A-9(a)(3) requires only that the conduct be committed over "a period of six months," without further limitation.

10

"When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning -- they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature."

Ex parte T.B., 698 So. 2d 127, 130 (Ala. 1997). "When determining legislative intent from the language used in a statute, a court may explain the language, but it may not detract from or add to the statute." Water Works & Sewer Bd. of Selma v. Randolph, 833 So. 2d 604, 607 (Ala. 2002). We find no basis in the language of § 26-10A-9(a)(3) itself that imposes any requirement that the six-month period precede the date of the filing of the adoption petition.

The presumed father cites two cases in support of his statutory construction argument, J.D.S. v. J.W.L., 204 So. 3d 386 (Ala. Civ. App. 2016), and Ex parte F.P., 857 So. 2d 125 (Ala. 2003). In J.D.S., this court reversed a judgment finding that J.D.S. had abandoned his child through a course of conduct committed before the filing of the petition for adoption of that child. In J.D.S., this court did not hold that only conduct that had occurred before the adoption petition was filed could be grounds for a

11

finding of implied consent under § 26-10A-9(a)(3), an issue the opinion does not even address. In Ex parte F.P., our supreme court likewise did not hold that the six-month period referred to in § 26-10A-9(a)(3) is confined to the period preceding the filing of the adoption petition. Our supreme court did recognize that a parent should not be penalized for failing to support a child once an interlocutory order of adoption has been entered, which ordinarily occurs soon after the filing of the petition for adoption, see Ala. Code 1975, § 26-10A-18, because the petitioner has, at that point, been ordered to assume that responsibility. 857 So. 2d at 134 (Ala. 2003) (citing F.P. v. J.K.M., 857 So. 2d 110 (Ala. Civ. App. 2001) (Yates, P.J., dissenting), citing in turn Ex parte C.V., 810 So. 2d 700, 722 (Ala. 2000) (Johnstone, J., concurring)). But Ex parte F.P. does not hold that a probate court cannot, under any circumstances, consider the conduct committed by a parent after an adoption petition is filed when applying § 26-10A-9(a)(3). Even reading the passage from Ex parte F.P. broadly, as the presumed father advocates, the reasoning does not support his argument because, in this case, the record does not contain an interlocutory order of adoption that relieved the presumed father of

his parental responsibilities to and for the child after the filing of the petition. See J.E.J. v. W.I., 851 So. 2d 76, 81 (Ala. Civ. App. 2002) ("It is the appellant's responsibility to ensure that the record on appeal contains sufficient evidence to justify a reversal.").

We also conclude that the other provisions of the AAC do not reveal a legislative intent to limit the reach of § 26-10A-9(a)(3) to conduct that has occurred before an adoption petition is filed. Section 26-10A-16(a)(9), Ala. Code 1975, requires a party who is petitioning to adopt a child to include in the petition the name and address of a presumed father from whom consent is required. If the presumed father has provided written consent, the petitioner must further file that written consent with the probate court but only before the entry of the final judgment of adoption. See Ala. Code 1975, § 26-10A-13(c). A final judgment of adoption may be entered only after all proper parties have been served with notice of the adoption petition and those parties have been given an opportunity to contest that petition. See Ala. Code 1975, § 26-10A-17 & § 26-10A-25(b)(3). If a petitioner contends that a presumed father has only impliedly consented to the adoption, there is no written consent to file.

13

Instead, if a presumed father contests that he has given implied consent to the adoption, the probate court must set the matter for an adjudicatory hearing on the contest, see Ala. Code 1975, § 26-10A-24(a), which, under § 26-10A-24(b), may take place only after the probate court has properly notified the parties of the date, time, and place of the hearing. The AAC necessarily contemplates that some passage of time will occur between the filing of the petition, the service of notice of the adoption proceedings, and the contested hearing. If circumstances arising after the filing of the petition and before the contested hearing are relevant to the question of implied consent, the probate court should not be foreclosed from considering those circumstances during its inquiry in the absence of any provision of the AAC stating otherwise.

Finally, we address the argument of the presumed father that the probate court found that he had given implied consent only because the probate court determined that § 26-10A-9(a)(3) required such a finding. Under the AAC, "consent" is defined as "[v]oluntarily agreeing to adoption." Ala. Code 1975, § 26-10A-2(4). Section 26-10A-9(a) provides that the consent of a parent "may be implied" from the acts of a parent

14

as described therein. In <u>K.L.B. v. W.M.F.</u>, 864 So. 2d 333, 340 (Ala. Civ. App. 2002) (authored by Murdock, J., with Pittman, J., concurring, and Yates, P.J., and Crawley and Thompson, JJ., concurring in the result), Judge Murdock explained the significance of that language, stating:

> "[Section] 26-10A-9[, Ala. Code 1975,] provides only that a 'consent or relinquishment ... <u>may be implied</u>' where a parent has not maintained a significant parental relationship with the child for a period of six months. Such a finding is not required. The failure to maintain such a relationship does not necessarily equate to an implied consent. As the Comment to § 26-10A-9 does explain, '[j]ust as acceptance of the terms of a commercial contract can be implied from the conduct of a party, so <u>may</u> the consent of a person to the adoption be implied from the conduct of that individual.' (Emphasis added.) The various types of conduct listed in § 26-10A-9 are merely factors a court can consider in making the decision before it, namely, whether the parent has, through his or her conduct, communicated an implied consent to the adoption of his or her child. The fact that one of the factors enumerated in § 26-10A-9 might exist does not equate to a finding of implied consent, nor even give rise to a presumption thereof. As Justice Lyons has noted, '[the AAC] recites those acts on the part of a "parent" from which consent to an adoption ... <u>might</u> be implied.' <u>Ex parte C.V.</u>, 810 So. 2d 700, 709 (Ala. 2001) (Lyons, J., concurring specially) (emphasis added)."

864 So. 2d at 340-41. In <u>J.D.S.</u>, <u>supra</u>, a majority of this court agreed with that interpretation and maintained that the term "may," which ordinarily refers to a permissive or discretionary act, rather than a

mandatory act, see Ex parte Mobile Cnty. Bd. of Sch. Comm'rs, 61 So. 3d 292, 294 (Ala. Civ. App. 2010), evinces the legislative intent that a probate court is vested with judicial discretion in determining whether a parent has impliedly consented to the adoption of his or her natural child under § 26-10A-9 and that a probate court is not compelled to find implied consent even if it is convinced that all the elements of § 26-10A-9(a)(3) have been clearly proven.

We do not agree, however, that the probate court misinterpreted the AAC on this point. In the contest order, the probate court determined that it had received clear and convincing evidence indicating that the presumed father had knowingly left the child with the mother and the stepfather without provision for child support or communication and that he had failed to maintain a significant parent-child relationship with the child for a period in excess of six months. Having made those determinations, the probate court then found "that [the presumed father] has given his implied consent to the adoption petition filed by [the stepfather] in accordance with the provisions of § 26-10A-9." (Emphasis added.) The emphasized language indicates that, when making its

16

ultimate determination that the presumed father had given implied consent to the adoption, the probate court followed § 26-10A-9, which, we have explained, does not require, but only allows, a probate court to find implied consent from, among other factors, the conduct of a parent as described in § 26-10A-9(a)(3). The probate court is presumed to know and follow the law in making its decisions. Ex parte Atchley, 936 So. 2d 513, 516 (Ala. 2006). Thus, we presume that the probate court exercised proper judicial discretion when it found that the father had impliedly consented to the adoption of the child.

The presumption that the probate court knew and followed the law may be rebutted by evidence showing that, in fact, the probate court did not follow the law. See Ex parte Atchley, supra. In his brief to this court, the presumed father points to statements made by the probate court during oral argument on his motion to reconsider to rebut that presumption. During that oral argument, the probate-court judge explained:

> "I kept coming back to the law -- what the law says. If you go
> a six-month period without making a parent-child
> relationship -- making any contact with the child for six

17

> months, that's what the law says. And that's what I keep coming back to. And that's my clear and convincing evidence."

We do not consider that statement, and another similar statement made by the probate-court judge, as evidencing a mistaken belief by the probate court-judge that § 26-10A-9(a)(3) required him to find that the presumed father had impliedly consented to the adoption because the factors set forth in that statute had been established. In context, the probate-court judge was only explaining to counsel for the presumed father that he had determined that the presumed father had given his implied consent based on the clear and convincing evidence of the failure of the presumed father to support, communicate, and maintain a significant parent-child relationship for a period of six months, as authorized by § 26-10A-9(a)(3). We find nothing in the explanation provided by the probate-court judge that shows that he misunderstood that § 26-10A-9 vested him with the judicial discretion to find implied consent from the conduct described in § 26-10A-9(a)(3) or that the probate-court judge failed to exercise that discretion when making his determination.

For the foregoing reasons, the judgment of the probate court is affirmed.

MOTION TO DISMISS DENIED; AFFIRMED.

Thompson, P.J., and Hanson and Fridy, JJ., concur.

Edwards, J., concurs in the result, without opinion.