SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION—DOCKET FEE FOR FILINGS PURSUANT TO RULE 60(b), A.R.C.P.
Mr. Allen L. Tapley, Administrative Director of Courts, has requested my opinion, as Clerk of the Supreme Court, as follows:
Rule 7 of the Alabama Rules of Judicial Administration provides that any filing for which there is not an express cost set forth in the consolidated fee structure shall be treated as an original filing for cost purposes. Does this rule authorize a docket fee for cases filed pursuant to Rule 60(b), Alabama Rules of Civil Procedure?
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other officer or official of the state who shows a need for such opinion and requests the same.”
Rule 7 of the Rules of Judicial Administration provides:
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.
It is my opinion that the words, “Any filing,” in Rule 7 have reference to the words, “cases filed,” in Section 12-19-71(1), (2) and (3), Code of Alabama 1975. See Opinion of the Clerk, No. 1, April 26, 1977, 345 So.2d 1329.
I understand the issue presented by the present inquiry to be, therefore, whether a motion filed pursuant to Rule 60(b), Alabama Rules of Civil Procedure, is a “filing” (i. e., a “case”) for purposes of Rule 7, Rules of Judicial Administration.
A “case” is generally understood to be a judicial proceeding for the determination of a controversy between parties wherein rights are enforced or wrongs are prevented or redressed. See Opinion of the Clerk, No. 1, April 26, 1977, 345 So.2d 1329. Rule 7 of the Rules of Judicial Administration did not by the term “filing” (i. e., “case”) contemplate a separate fee for each proceeding in the same case; this is evidenced by the use of the phrase, “shall be treated as an original filing,” (emphasis added).
Rule 60(b), A.R.C.P., provides for motions-for relief from a final judgment, order or proceeding upon certain specified grounds. The rule states that the “motion shall be made within a reasonable time . ” and upon three of the grounds specified, “ . . not more than four months after the judgment, order or proceeding was entered or taken.” The rule further provides that this “does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment ... to relieve *536 a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.” These provisions indicate that a motion under Rule 60(b), A.R.C.P., shall be considered, not as a new matter but, as part of the original case.
The Committee Comments to Rule 60(b), A.R.C.P., state:
The normal procedure to attack a judgment under this rule will be by motion in the court which rendered the judgment. If the relief does not appear to be available under the rule, or if relief from the judgment is sought in some other court than the court which rendered the judgment, the party should bring an independent proceeding .
A motion pursuant to Rule 60(b) is very similar to a Rule 59(e) motion. The opinion has previously been expressed that “the filing of a motion to alter, amend or vacate a judgment under Rule 59(e) ... is not a ‘filing’ under Rule 7, Alabama Rules of Judicial Administration.” Opinion of the Clerk; No. 1, April 26, 1977, 345 So.2d 1329. Rules 59(e) and 60(b) of the Alabama Rules of Civil Procedure are modified versions of their counterparts in the Federal Rules of Civil Procedure. It has been held by the federal courts that a motion not timely filed under Rule 59(e), F.R.C.P., could be treated as a motion under Rule 60(b), F.R.C.P., where proper grounds exist. Caraway v. Sain, 23 F.R.D. 657 (N.D.Fla.1959). See also 7 Moore’s Federal Practice, § 60.18(8), (2d Ed. 1975).
It is my opinion that a motion under Rule 60(b) is not a “filing” for purposes of Rule 7, Rules of Judicial Administration, and a docket fee is not authorized.