STEAGALL, Justice.
Defendant, Robert Guillot, appeals from the denial of his motion to vacate a judgment in favor of the State of Alabama in an action brought under Ala.Code 1975, § 8-19-1 et seq., also known as the Alabama Deceptive Trade Practices Act, for damages and injunctive relief relating to the operation of the Guillot Hearing Aid Center, Inc.
This case was scheduled for trial on April 27, 1988. After lengthy discussion, the parties agreed on April 26, 1988, to settle the case. It was agreed that a default judgment would be entered against Guillot for $39,366.35, with Guillot to pay $5000 of that amount by June 1, 1988. Thereafter, Guillot was to pay the State $1706 per month over the next 24 months, until the amount had been paid in full. The parties further agreed that the State would monitor Guillot’s business for a period of one year. If Guillot failed to meet any of the agreed-upon requirements or in any way failed to perform or abide by the terms of the agreement, injunctive relief would be available to the State.
On the day set for trial, counsel for the State only appeared before the trial judge and informed him of the arrangement between the parties and requested that a default judgment be entered. In addition, he requested that a permanent injunction be entered against Guillot, enjoining him from selling or participating in the sale of hearing aids in Alabama. Although no transcript was made of these proceedings, counsel for the State has stated that it was undisputed that his request for a permanent injunction was not part of the agreed-upon settlement between the parties or that counsel for Guillot knew that he would make such a request in his demand for default judgment. On May 9, 1988, the trial judge entered a default judgment in favor of the State and against Guillot for monetary damages and granted the injunc-tive relief requested by the State’s attorney.
On May 17, 1988, after an objection had been filed by Guillot, the court orally rescinded its order of May 9, 1988, and in *696 structed the parties to prepare an order for the trial court reflecting the agreement that had been reached between the parties on April 26, 1988.
The State prepared and submitted an order to the court reflecting the April 26, 1988, settlement agreement between the parties. The order was signed by the trial judge on June 1, 1988. However, the order was not filed in the circuit clerk's office and was not received by Guillot’s attorney.
The State, with full knowledge of the June 1, 1988, order and with the belief that the order had been violated, filed a motion for final judgment on June 30, 1988, seeking to permanently enjoin Guillot from operating his hearing aid business within the state of Alabama. On July 25, 1988, a hearing was held with only counsel present. It was at this hearing that Guil-lot’s counsel informed the court that they had not received the June 1, 1988, order. The trial court then proceeded, taking testimony of counsel as to the terms of the original settlement. The trial court then entered judgment on July 28, 1988, in the amount of $39,366.35 and entered a permanent injunction enjoining Guillot “from selling or in any way participating or assisting in the sale of hearing aids to consumers within the state of Alabama or from owning, managing, operating or associating through any business device with a hearing aid business or dealership and from being employed by such business....”
Guillot appeals from the denial of his Rule 59(e), Ala.R.Civ.P., motion to vacate the trial court’s judgment of July 28, 1988. On appeal, Guillot argues that the judgment of the trial court was void and must be set aside because, he says, his due process rights were violated by his not being afforded the opportunity to refute the charges against him. Additionally, he argues that the order did not reflect the parties’ true agreement.
The review of a denial of a Rule 59(e), Ala.R.Giv.P., motion to alter, amend, or vacate a judgment is “limited to whether the trial court abused its discretion.” Lockhart v. Phenix City Investment Co., 488 So.2d 1353, 1354 (Ala.1986). In this case, it was undisputed between the parties that the State and Guillot agreed to a monetary settlement of $39,366.35. Guillot, on appeal, does not argue that the entry of a judgment in that amount was error, nor do we find that the trial court abused its discretion in entering judgment for that amount. The only error alleged was the entry of the permanent injunction without giving Guillot an opportunity to present evidence. We, therefore, affirm that part of the trial court’s order pertaining to monetary damages and reverse the injunctive order and remand to the trial court with instructions to conduct a hearing on the issue of injunctive relief.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.