Windal S. Satterfield filed a motion pursuant to Rule 60(b)(4), (5), and (6), A.R.Civ.P., and what he termed an "independent action" alleging fraud on the court, seeking to have the judgment that had been previously rendered against him set aside. The trial court considered the motion and the "action" together and ruled on them in one judgment;[1] it denied relief and Satterfield appealed. We affirm.
Winston Industries, Inc. ("Winston"), sued Satterfield in May 1972 and secured a judgment against him on April 18, 1973. On April 27, 1981, Winston again sued Satterfield, *Page 63 
also naming his children as parties, this time to set aside an allegedly fraudulent conveyance that had been made by Satterfield to his children on July 26, 1972. On March 26, 1985, a judgment setting the conveyance aside was entered in favor of Winston. Satterfield's post-judgment motions for new trial and judgment notwithstanding the verdict were never ruled on. On May 3, 1985, Satterfield filed an appeal in this Court; however, on August 5, 1985, that appeal was dismissed on Satterfield's motion. In February 1986, Satterfield filed a petition for relief in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. On March 10, 1988, that court ordered that the property that was the subject of the July 26, 1972, conveyance be sold. That order was affirmed by the United States District Court for the Northern District of Alabama, Southern Division, on August 19, 1988. The district court's judgment is presently on appeal to the Eleventh United States Circuit Court of Appeals. The requests for relief that are the subject of this appeal were filed by Satterfield on March 25, 1988, and were denied on January 10, 1989.
Satterfield contends that he was entitled to relief from the March 26, 1985, judgment under Rule 60(b)(4), which permits relief when the judgment is void; Rule 60(b)(5), which permits relief when it is no longer equitable for the judgment to have prospective application; and Rule 60(b)(6), which permits relief for any reason justifying relief from the operation of the judgment, other than those reasons enumerated in Rule 60(b)(1) through (5). He also argues that a fraud was perpetrated on the court and, therefore, that the judgment should have been set aside on that basis.
A motion under Rule 60(b)(4), (5), or (6), and an independent action alleging fraud on the court must be filed within a reasonable time.
It is well settled that Rule 60(b) is not a substitute for an appeal, City of Daphne v. Caffey, 410 So.2d 8 (Ala. 1981), and that an appeal from the denial of relief under Rule 60(b)(5) and (6) does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken. Pollard v. Etowah County Comm'n, 539 So.2d 225 (Ala. 1989); Cassioppi v. Damico, 536 So.2d 938 (Ala. 1988). That portion of Rule 60(b)(5) relied on by Satterfield applies only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable. Relief under Rule 60(b)(6) is reserved for extraordinary circumstances and is available only in cases of extreme hardship or injustice. Pollard v. Etowah County Comm'n, supra. Whether, under the circumstances of this case, Satterfield was entitled to relief under Rule 60(b)(5) or (6) was within the sound discretion of the trial court, and its decision will not be reversed unless there was an abuse of that discretion. Pollard v. Etowah County Comm'n, supra.
Satterfield's arguments in support of his request for relief under Rule 60(b)(5) and (6) should have been made either on direct appeal or in the federal courts in connection with the bankruptcy proceeding. For whatever reason, Satterfield chose not to pursue his appeal from the March 26, 1985, judgment. Instead, he waited almost three years to challenge that judgment, and then only after suffering an unfavorable ruling in the bankruptcy court. Under the circumstances of this case, we cannot hold that the trial court abused its discretion in denying relief to Satterfield under Rule 60(b)(5) and (6).
Whether Satterfield was entitled to relief on the basis of fraud on the court was also within the sound discretion of the trial court, and its decision will not be reversed by this Court unless there was an abuse of that discretion.
We cannot hold that the trial court abused its discretion in refusing to set aside the judgment on the ground of fraud on the court. The essence of Satterfield's argument is that, during the trial to set aside the fraudulent conveyance, Winston's attorney innocently misled the trial court *Page 64 
into believing that Winston had had an execution issued to collect the amount of the 1973 judgment and that even though 10 years had elapsed since the date of that judgment, the trial court was deprived of the opportunity to consider whether the 1973 judgment should have been presumed satisfied under Ala. Code 1975, § 6-9-191. The record reveals that Winston had not had an execution issued to collect the 1973 judgment; however, the record also shows that Winston introduced sufficient evidence to overcome the rebuttable presumption of satisfaction created by § 6-9-191.
The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Pollard v. Etowah County Comm'n, supra; Cassioppi v. Damico, supra.
The record does not support Satterfield's argument that the trial court lacked jurisdiction of the subject matter or of the parties in the suit brought by Winston to set aside the conveyance made by Satterfield to his children. Furthermore, Satterfield does not argue that the resulting judgment was rendered in violation of his right to due process. Although the judgment complained of might have been voidable on direct attack by appeal, Satterfield chose not to pursue that remedy. The trial court did not err in denying Satterfield relief under Rule 60(b)(4).
For the foregoing reasons, we affirm.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] See Committee Comments to Rule 60(b).