MOORE, Judge.
Jaclyn Brown Anderson (“the mother”) appeals from a judgment entered by the Elmore Circuit Court (“the trial court”) to *68 the extent that it awarded Rickey Donnell Anderson (“the father”) sole physical custody of the parties’ child (“the child”). We affirm.

Procedural History

On May 24, 2013, the mother filed a complaint seeking a divorce from the father. On June 4, 2013, the father answered and counterclaimed for a divorce. On June 13, 2013, the trial court entered an order providing, in pertinent part, that the parties would exercise “joint custody, [with the] parties to have primary custody, week on and week off,” pendente lite. After a trial, the trial court entered a judgment on April 9, 2015, divorcing the parties on the ground of adultery, dividing the parties’ property, awarding the parties joint legal custody of the child, designating the primary residence of the child to be with the father (i.e,, awarding the father sole physical custody of the child), awarding the mother visitation, and denying the mother’s claim for alimony.

Discussion

On appeal, the mother argues that the trial court erred in awarding the father -sole physical custody of the child.
“‘When evidence in a child custody case has been presented ore tenus to the trial court, that court’s findings of fact based on that evidence are presumed to be correct. The trial court is in the best position to make a custody determination — it hears the evidence and observes the witnesses. Appellate courts do not sit in judgment of disputed evidence that was presented ore tenus before the trial court in a custody hearing....
"'"'....'"'"
“ ‘It is also well established that in the absence of specific findings of”fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous....
“ ‘... If custody has not previously been determined, then the “best interest of the child” standard is appropriate. Ex parte Couch, 521 So.2d 987 (Ala.1988)....’”
Lamb v. Lamb, 939 So.2d 918, 921-22 (Ala.Civ.App.2006) (quoting Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996)).
The mother specifically argues that the trial court erred in declining to continue the week on, week off custody arrangement that the parties had exercised pendente lite. We note, however, that a trial court is not bound by a penden-te lite custody arrangement, which is merely temporary in nature and which, in this case, was not based on a consideration of the evidence fully presented at trial. See Ex parte Bland, 796 So.2d 340, 343-44 (Ala.2000). Moreover, although the mother argues that there was no evidence indicating that the pendente lite custody arrangement had been detrimental to the child, the evidence indicates that the parties live in different cities, which resulted in the child’s having to attend two different day-care facilities during the pendency of the divorce proceedings;' the evidence also indicates that the child had experienced difficulty with that arrangement. Further, the trial court found that the parties had been “unable or unwilling to bend” in exercising joint physical custody of the child pendente lite. The mother does not challenge the accuracy of that finding. Based on the foregoing, we cannot conclude that the trial court exceeded its discretion in declining to award the parties joint physical custody of the child.
To the extent that the mother argues that the trial court erred in not awarding her sole physical custody of the child, we conclude that she has not shown reversible error. The mother concedes that both parties are fit custodians; she *69 does not argue that the evidence establishes that she is a more appropriate custodian for the child. “In instances where the evidence shows that either parent is an appropriate custodian of the minor children, the appellate court is bound to defer to the trial court’s custody decision based on the trial court’s observations of the witnesses, its credibility determinations, and its resolution of conflicting evidence.” Bates v. Bates, 678 So.2d 1160, 1162 (Ala.Civ.App.1996). The trial court heard sufficient evidence to sustain its implied finding that the best interests of the child would be advanced through an award of sole physical custody to the father. Accordingly, we cannot reverse the judgment on this issue.
The mother also argues that the trial court considered improper factors in making its custody determination. She points to the express findings of fact contained in the trial court’s judgment, which, she contends, are not relevant to a custody determination. Even assuming that some of the findings of fact should not bear on the custody issue, a contention with which we do not necessarily agree, we note that, in its judgment, the trial court, along' with awarding custody, also divorced the parties on the ground of adultery, divided the parties’ property, and denied the mother’s claim for alimony. The trial court did not specify which of its findings of fact it had considered in awarding custody and which it had considered in relation to the other parts of the judgment. “An appellate court does not presume error.” Greer v. Greer, 624 So.2d 1076, 1077 (Ala.Civ.App.1993). “We presume that trial court judges know and follow the law.” Ex parte Atchley, 936 So.2d 513, 516 (Ala.2006). The mother has failed to show that the trial court considered any of the allegedly improper factors in deciding the custody of the child. Therefore, we cannot reverse the trial court’s, judgment on this point.

Cmckision

Based on the foregoing, we affirm the trial court’s judgment. The father’s request for an award of attorney’s fees on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.