Rel: October 17, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0116

_____

### Billy Ray Morris

### v.

### Celeste R. Lazzari and Cynthia Lazzari

### Appeal from Baldwin Circuit Court
### (CV-19-900912)

EDWARDS, Judge.

On August 19, 2022, the Baldwin Circuit Court ("the trial court") entered a judgment enjoining Celeste R. Lazzari and Cynthia Lazzari ("the Lazzaris") from altering the natural flow of water across their property. The Lazzaris were also ordered to "take all necessary steps …

to capture or prevent runoff water from flowing onto [the neighboring property]," which, at that time, was owned by Wes Morris and Billy Ray Morris.[1] In addition, the judgment directed the Lazzaris to pay damages in the amount of $2,500. Postjudgment practice relating to the August 2022 judgment was completed on January 10, 2023.[2] No party filed a timely appeal from the August 2022 judgment.

On July 8, 2024, the Lazzaris filed in the trial court what they entitled a "Motion of Compliance With the Court's Order." In that motion, the Lazzaris stated that they had, in their opinion, complied with the August 2022 judgment by paying the $2,500 damages award and by correcting the flow of surface water over their property. They requested a hearing and that the trial court "confirm" their compliance with the August 2022 judgment. Although their motion was not styled as such, their motion was a motion filed pursuant to Rule 60(b)(5), Ala. R. Civ. P.,

---

[1]The record indicates that Wes Morris died at some point after the entry of the August 2022 judgment. Billy Morris is the sole appellant in this appeal.

[2]The record indicates that, in December 2022, the parties consented to the postponement of a postjudgment hearing beyond the 90-day period for ruling on the postjudgment motion directed to the August 2022 judgment filed by Wes Morris and Billy Morris, thus, extending the time for a ruling on that motion. See Rule 59.1, Ala. R. Civ. P.

seeking a determination that the August 2022 judgment had been satisfied. See Nationwide Mut. Fire Ins. Co. v. Austin, 34 So. 3d 1238, 1241 (Ala. 2009) (construing a motion as a Rule 60(b)(5) motion because it sought a declaration that a judgment had been paid); 1st Franklin Fin. Corp. v. Pettway, 333 So. 3d 149, 151 (Ala. Civ. App. 2021) (same). The trial court set the motion for a hearing, which, after two continuances, was ultimately held on October 8, 2024.

On October 3, 2024, Billy Morris ("Morris") filed an objection to the Rule 60(b)(5) motion. In his objection, Morris asserted that the drainage issues that had prompted the initial lawsuit against the Lazzaris had not been ameliorated, and he requested a continuance of the hearing on the Rule 60(b)(5) motion so that surveyors and engineers that he intended to retain could enter the property, determine whether the flooding issues had been properly abated, and, if those issues had not been properly abated, propose reasonable solutions to the surface-water problem. He supported his objection with an affidavit in which he asserted that the Lazzaris had been required to put in a pipe to solve the surface-water issues but had made only nominal changes that had not abated the flooding. The Lazzaris responded to Morris's objection and, within that

3

response, moved to strike Morris's affidavit, stating that his assertion in that affidavit that they had been required to install a pipe was false. The trial court took no action on the motion to strike.

On October 21, 2024, Morris filed in the trial court a proposed order, which stated:

> "This matter was before the Court on [the Lazzaris'] Motion of Compliance With the Court's [August 2022] Order, [Morris's] objection[,] and [Morris's] Motion for Order Allowing Surveyor and Engineer to Enter [the Lazzaris'] Property.
>
> "After hearing arguments, the Court resets [the Lazzaris'] Motion regarding [their] assertion that they have complied with the Court's [August 2022] Order. The … Motion will be reset for an evidentiary hearing in ninety (90) days for the reasons set forth below.
>
> "[Morris's] request that [he] be given temporary access to the [Lazzaris'] property to gather information on the pending question of whether the flooding problem has been properly abated is GRANTED.
>
> "[The Lazzaris] are hereby ordered to allow a professional surveyor and/or a professional engineer hired or retained by … Morris to enter [the subject] property at Lot 2, Fish River Park for the purpose of testing and gathering information related to forming opinions."

(Capitalization in original.)

On October 30, 2024, the trial court entered an order stating, without elaboration, that the Rule 60(b)(5) motion filed by the Lazzaris

4

was granted. Morris filed two separate motions on November 1, 2024. The first of those motions was labeled as a "motion to reconsider" and appears to be a postjudgment motion directed to the October 30, 2024, order in which Morris requests that the trial court reconsider its finding that the August 2022 judgment had been satisfied ("the postjudgment motion"). The second motion was labeled as a "motion to compel and for sanctions" and appears to be, at least in part, a motion seeking enforcement of the August 2022 judgment pursuant to Rule 70, Ala. R. Civ. P. ("the Rule 70 motion"), see Rule 70 ("If a judgment directs a party to … perform any ... specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party."); Alabama Dep't of Labor v. Wiggins, 168 So. 3d 84, 87 (Ala. Civ. App. 2014) (concluding that a motion "seeking to enforce the trial court's judgment in [the movant's] favor" was a Rule 70 motion).

In the postjudgment motion, Morris requested that the trial court set a hearing on that motion so that the court "[could] actually hear the real evidence that will show that [the Lazzaris] have done nothing to

5

comply with the [August 2022] judgment in this case and that the problems have not abated at all." In support of the postjudgment motion, Morris attached his own affidavit, in which he stated that the Lazzaris had "done nothing to fix the problem since the [trial] court ordered them to do so." In the Rule 70 motion, Morris asserted that the Lazzaris were in violation of the directives of the August 2022 judgment; Morris sought an order requiring the Lazzaris to comply with the August 2022 judgment and the imposition of sanctions to ensure their compliance. Morris attached to the Rule 70 motion an affidavit identical to the one he had appended to the postjudgment motion. The Lazzaris moved to dismiss the Rule 70 motion and responded to the postjudgment motion by requesting that that motion be denied.

On January 31, 2025, the trial court entered an order denying the postjudgment motion. Although the State Judicial Information System case-action-summary sheet reflects that the trial court "disposed" of Morris's Rule 70 motion "by separate order" on January 31, 2025, the record does not contain any such order. However, because the trial court had granted Rule 60(b)(5) relief to the Lazzaris, the August 2022 judgment had been set aside or vacated, and Morris's Rule 70 motion

6

could not have been directed to that judgment, making his request to enforce the judgment pursuant to Rule 70 moot; his motion, therefore, no longer remains pending. Hilb, Rogal & Hamilton Co. v. Beiersdoerfer, 989 So. 2d 1045, 1055 (Ala. 2007) (determining that a request for remittitur became moot and "therefore was no longer pending" when the judgment to which it had been directed had been vacated when a motion for a new trial was granted). Morris filed a notice of appeal on February 13, 2025.[3]

On appeal, Morris first argues that the trial court lacked subject-matter jurisdiction to entertain the Lazzaris' Rule 60(b)(5) motion. Morris's argument is grounded in his belief that the motion that the Lazzaris filed was, in actuality, a petition for contempt, which requires the institution of a new action and payment of a filing fee. See Ex parte SE Prop. Holdings, LLC, 353 So. 3d 533, 536 (Ala. 2021) (stating that,

---

[3]The Lazzaris argue in their brief on appeal that Morris's appeal is untimely because, they say, his notice of appeal indicates that he is seeking review of the August 2022 judgment; we reject that contention. A full and fair reading of Morris's notice of appeal indicates that he is seeking review of the denial of his postjudgment motion directed to the October 30, 2024, order on the Rule 60(b)(5) motion directed to the August 2022 judgment. Morris's appeal is proper and timely, and, to the extent that the Lazzaris request a dismissal of Morris's appeal, that request is denied.

"in many cases, a petition seeking the imposition of sanctions based on a finding of contempt initiates an independent proceeding that requires payment of a filing fee"). However, the Lazzaris were not seeking to have Morris held in contempt for violating the August 2022 judgment, and they were not, as he appears to contend, seeking an order determining that they were not in contempt of the August 2022 judgment. As we have already explained, the Lazzaris filed a Rule 60(b)(5) motion seeking to have the August 2022 judgment deemed to be "satisfied." Such a motion "must be directed to the judgment in the case in which the motion was filed," Hardy v. Johnson, 245 So. 3d 617, 621 (Ala. Civ. App. 2017), and does not require the institution of a new action or the payment of a filing fee. See Caton v. City of Pelham, 329 So. 3d 5, 20 (Ala. 2020) (quoting Rule 60, Committee Comments on 1973 Adoption) (explaining that "'[t]he normal procedure to attack a judgment under … [R]ule [60] will be by motion in the court which rendered the judgment'" and stating that a movant need not pay a filing fee for the trial court to have subject-matter jurisdiction to entertain such a motion); Opinion of the Clerk No. 12, 361 So. 2d 534, 536 (Ala. 1978) (stating that "a motion under Rule 60(b) … shall be considered, not as a new matter but, as part of the original case").

8

Relying on Satterfield v. Winston Industries, Inc., 553 So. 2d 61, 63 (Ala. 1989), Morris next argues that, because "[t]here were no new facts presented to justify the trial court's revisit [sic] of the original, final judgment," relief under Rule 60(b)(5) was unavailable to the Lazzaris. In Nationwide Mutual Fire Insurance Co. v. Austin, 34 So. 3d 1238, 1241 (Ala. 2009) (quoting Rule 60(b)(5)), our supreme court explained that Rule 60(b)(5) permits a trial court to relieve a party from a final judgment "if the circumstances presented fall within one of three categories, namely: '[i] the judgment has been satisfied, released, or discharged, or [ii] a prior judgment upon which it is based has been reversed or otherwise vacated, or [iii] it is no longer equitable that the judgment should have prospective application.'" The movant in Satterfield had based his Rule 60(b)(5) motion on the third category for relief under Rule 60(b)(5) and argued that "it [was] no longer equitable for the judgment to have prospective application." Satterfield, 553 So. 2d at 63. Our supreme court explained that "[t]hat portion of Rule 60(b)(5) relied on by [the movant,] Satterfield[,] applies only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable." Id. However, the Lazzaris are not relying

9

on the portion of Rule 60(b)(5) at issue in <u>Satterfield</u>. The Lazzaris rely on the first category for relief under Rule 60(b)(5), i.e., that the judgment had been satisfied, which does not require proof that "new facts or new law [has arisen] … rendering prospective application of the judgment inequitable," <u>id.</u>, and, instead, turns on whether, in fact, the judgment has been satisfied. Thus, the Lazzaris were entitled to relief under Rule 60(b)(5) if they established that the August 2022 judgment had been satisfied. However, even if the Lazzaris were seeking relief from the August 2022 judgment on the ground that prospective application of that judgment would be inequitable, we cannot conclude that the Lazzaris did not establish new facts that would justify relief under Rule 60(b)(5).

Morris complains in his brief on appeal that the Lazzaris failed to provide to the trial court any evidence establishing compliance with the August 2022 judgment. Indeed, to be entitled to relief under Rule 60(b), the Lazzaris were required to prove a ground under Rule 60(b) by presenting evidence to support that ground. <u>See</u> <u>Carney v. Carney</u>, 92 So. 3d 70, 73 (Ala. Civ. App. 2011) (affirming the denial of a Rule 60(b) motion because "the [movant] and his attorney failed to present any other form of evidence to support the allegations contained in the Rule 60(b)

10

motion"); <u>Marsh v. Marsh</u>, 338 So. 2d 422, 423 (Ala. Civ. App. 1976) (stating that a "court [reviewing a ruling on a rule 60(b) motion] looks to the grounds presented by the motion and matters presented in support thereof"). Morris states that the only evidence before the trial court was his affidavit testimony that the surface-water issues had not been remedied. However, we are unable to determine from the record whether the trial court lacked evidence from which it could have concluded that the Lazzaris had complied with the August 2022 judgment.

The record reflects that the Lazzaris requested that the Rule 60(b)(5) motion be set for a hearing and that the trial court initially set the Rule 60(b)(5) motion for a hearing to be held at a motion docket on August 27, 2024, continued the hearing to the September 10, 2024, motion docket, and continued the hearing a second time to the October 8, 2024, motion docket. Morris had initially sought a continuance of the Rule 60(b)(5) hearing and an order permitting him to enter the Lazzaris' property so that he could gather information and evidence regarding whether the Lazzaris had taken action to rectify the surface-water issues and, thus, whether they had complied with or satisfied the requirements of the August 2022 judgment. In fact, on October 21, 2024, after the date

11

set for the hearing, Morris filed a proposed order, which the trial court did not adopt, that would have continued the evidentiary hearing and permitted Morris to enter the Lazzaris' property. That proposed order could be read to indicate that a hearing was, in fact, conducted on some date before October 21, 2024. In his postjudgment motion, Morris specifically requested an evidentiary hearing so that the trial court could "actually hear the real evidence," perhaps suggesting that no evidence was taken at the October 8, 2024, hearing or, at least, suggesting that the trial court had not heard all the evidence on the issue; the latter reading of the motion is supported by Morris's request that he be permitted to enter the Lazzaris' property to gather evidence to refute their claim.

Morris, as the appellant, had the burden of providing this court the necessary information in the record to establish error on the part of the trial court. See Parker v. Williams, 977 So. 2d 476, 481-82 (Ala. 2007).

> "The law is settled that it is the appellant's duty to ensure that the appellate court has a record from which it can conduct a review. Cooper & Co. [v. Lester, 832 So. 2d 628 (Ala. 2000)]; [Alfa Mut. Gen. Ins. Co. v.] Oglesby, [711 So. 2d 938 (Ala. 1997)]; and Gotlieb v. Collat, 567 So. 2d 1302 (Ala. 1990). Further, in the absence of evidence in the record, this Court will not assume error on the part of the trial court. Browning v. Carpenter, 596 So. 2d 906 (Ala. 1992); Smith v. Smith, 596

12

So. 2d 1 (Ala. 1992); Totten v. Lighting & Supply, Inc., 507 So. 2d 502 (Ala. 1987)."

Zaden v. Elkus, 881 So. 2d 993, 1009 (Ala. 2003). Our supreme court has explained that "'[a] reviewing court cannot predicate error on matters not shown by the record. ... Indeed, a silent record supports a judgment. ... It is the appellant's duty to file a correct record.'" Ex parte Howell, 974 So. 2d 304, 306 (Ala. 2007) (quoting Robinson v. State, 444 So. 2d 884, 885 (Ala. 1983)); see also Alexander v. GEICO Ins. Cos., 47 So. 3d 1225, 1229-30 (Ala. 2010). In addition, "[a]ppellate courts are 'prisoners of the record and occurrences in chambers and off the record are outside [the court's] purview unless the trial court or attorneys made certain that [the court] is privy to them.'" Empiregas, Inc. of Ardmore v. Hardy, 487 So. 2d 244, 251 (Ala. 1985) (quoting Stephens v. Central of Georgia R.R., 367 So. 2d 192, 194 (Ala. 1978)).

"'An appellate court does not presume error.' Greer v. Greer, 624 So. 2d 1076, 1077 (Ala. Civ. App. 1993). 'We presume that trial court judges know and follow the law.' Ex parte Atchley, 936 So. 2d 513, 516 (Ala. 2006)." Anderson v. Anderson, 199 So. 3d 66, 69 (Ala. Civ. App. 2015). "When an issue is presented to the trial court, … the trial court is presumed to know and apply the law with respect to that issue." Brewer

13

v. Hatcher Limousine Serv., Inc., 708 So. 2d 163, 166 (Ala. Civ. App. 1997). "'"A trial judge's actions are presumptively correct in the absence of a showing to th e contrary."'" Francis Powell Enters., Inc. v. Andrews, 21 So. 3d 726, 739 (Ala. Civ. App. 2009) (quoting Carter v. State, 627 So. 2d 1027, 1028 (Ala. Crim. App. 1992), quoting in turn Ex parte Atchley, 936 So. 2d at 516); Coastal Realty & Mortg., Inc. v. First Alabama Bank, N.A., 424 So. 2d 1315, 1316-17 (Ala. Civ. App.1982) (applying the above-discussed principles and affirming an attorney-fee judgment because "[t]he record before us in this case does not support Coastal's claim that the trial court erred by failing to hold a hearing to determine the reasonableness of the attorneys' fees" and because "there is nothing in the record to indicate that Coastal did not have an opportunity to make arguments of counsel, present evidence, or arrange for the reporting of the proceedings"). Put another way, "[a]ll lawful presumptions are entertained by [an appellate] court that the trial court acted correctly, unless the contrary is made to appear from the record. We are unable to consider that which the record does not proffer." Johnson v. Fishbein, 267 So. 2d 405, 410, 289 Ala. 328, 334 (1972).

Morris did not order and has not provided this court with a transcript of the October 8, 2024, hearing. Nor has he provided a statement of the proceedings pursuant to Rule 10(d), Ala. R. App. P., in which he could have outlined the procedure followed at the hearing and established, as he contends in his brief, that the trial court did not take evidence. In situations when this court is not presented with a transcript or, in lieu of a transcript, a statement of the evidence or a statement of the proceedings indicating what transpired at a hearing, we have indicated that we cannot speculate regarding what transpired at the hearing. See Dais v. State ex rel. Davis, 420 So. 2d 278, 279 (Ala. Civ. App. 1982) (affirming a judgment and stating that, "[a]s indicated, the record before this court consists only of the clerk's record. Quite frankly, in view of what this court has before it, we cannot tell what transpired in the trial court regarding the alleged errors. There is, simply stated, no evidence upon which to predicate the alleged errors."); Liberty Loan Corp. of Gadsden v. Williams, 406 So. 2d 988, 989 (Ala. Civ. App. 1981) (applying the principles that "[e]rrors, if any, committed below must be affirmatively demonstrated by the record before the Court of Civil Appeals" and that, "[i]f the record does not disclose the facts upon which

the alleged error is based, such error may not be considered on appeal" to affirm a judgment because "[t]he state of the record is such that this court cannot determine what theory the case was tried on, what proof was offered, or even what facts were heard or considered by the trial court"); Ex parte Pruitt, 275 So. 3d 1148, 1153 (Ala. Civ. App. 2018) (denying relief to a petitioner and stating that, although the petitioner challenged a pendente lite grandparent-visitation order based on his contention that the trial court had failed to take evidence before awarding that visitation, this court had "no way of knowing what transpired during that hearing" and could not know whether the parties had been denied the opportunity to present evidence); see also Ex parte A.H.R., 404 So. 3d 277 (Ala. Civ. App. 2024); and Ex parte Dumas, 259 So. 3d 669 (Ala. Civ. App. 2018). Quite simply, we have no way to determine from the record before us that the trial court took no evidence at the October 8, 2024, hearing.

We reiterate that this court cannot presume error on the part of the trial court, see Greer, 624 So. 2d at 1077; in fact, we presume that the trial court was aware of the governing law and that the trial court applied that law correctly in entering the judgment unless the record demonstrates that the trial court did not do so. See Brewer, 708 So. 2d

at 166; <u>Francis Powell Enters.</u>, 21 So. 3d at 739. We certainly cannot presume from a silent record that the trial court entered a judgment in favor of the Lazzaris without holding the hearing that had been set on their Rule 60(b)(5) motion and without having taken any evidence regarding their compliance with the August 2022 judgment. Instead, we presume that the trial court correctly applied the law regarding Rule 60(b)(5) and that the trial court conducted an evidentiary hearing on that motion so that the Lazzaris could establish their compliance with the August 2022 judgment. Accordingly, we are constrained to affirm the trial court's order granting the Rule 60(b)(5) motion filed by the Lazzaris.

Morris's final issue on appeal is "whether [his] due[-]process right to seek enforcement of the [August 2022] judgment has been wrongfully abrogated." Morris states in his brief that he intends to file a contempt action against the Lazzaris to compel their compliance with the August 2022 judgment and that he fears that the doctrine of res judicata will bar his contempt claim. He is correct. As noted above, the entry of the order granting the Rule 60(b)(5) motion resulted in the trial court's setting aside or vacating the August 2022 judgment based on that judgment having been satisfied. Thus, the August 2022 judgment is no longer

extant, and, in light of the entry of the order granting the Rule 60(b)(5) motion, has been deemed satisfied. As a result, Morris has no basis for a contempt action. Because we are affirming the trial court's October 30, 2024, order granting the Rule 60(b)(5) motion based on Morris's failure to present a record supporting his arguments for reversal, we have necessarily determined that Morris received the process that he was due during the proceedings on the Rule 60(b)(5) motion, and we have no basis on which to find that his due-process rights have been "wrongfully abrogated."

Having considered and rejected the arguments presented in Morris's brief on appeal, we affirm the October 30, 2024, order granting the Rule 60(b)(5) motion and declaring that the August 2022 judgment had been satisfied.

AFFIRMED.

Hanson and Fridy, JJ., concur.

Moore, P.J., concurs specially, with opinion.

Bowden, J., dissents, with opinion.

MOORE, Presiding Judge, concurring specially.

On August 19, 2022, the Baldwin Circuit Court ("the trial court") entered a permanent injunction requiring Celeste R. Lazzari and Cynthia Lazzari ("the Lazzaris") "to capture or prevent runoff water from flowing ... from their property" onto property owned by Billy Ray Morris and Wes Morris. The trial court retained continuing jurisdiction over the permanent injunction to consider enforcing, modifying, staying, or terminating it. See Ross v. Luton, 456 So. 2d 249, 258 (Ala. 1984). The Lazzaris properly invoked that jurisdiction by filing a "Motion of Compliance With the Court's Order," seeking the dissolution of the injunction. In the motion, the Lazzaris asserted that the injunction should be dissolved because the purpose of the injunction had been satisfied by their corrective actions in preventing water from running off their property onto the property of Billy Ray Morris and Wes Morris. The motion can be construed either as a motion to dissolve the permanent injunction, see Petroleum Equip. Tool Co. v. State Bd. of Health, 575 So. 2d 587, 589 (Ala. Civ. App. 1991), or as a Rule 60(b)(5), Ala. R. Civ. P., motion for relief from the judgment based on its satisfaction. See, e.g., Great Woods, Inc. v. Clemmey, 89 Mass. App. Ct. 788, 789, 55 N.E.3d

19

425, 426 (2016). In either case, the Lazzaris would have the burden of proving that, by reason of changed circumstances, the grounds and reasons for which the permanent injunction had been granted no longer existed. See Petroleum Equip. Tool Co., supra; Clemmey, supra.

The record shows that the trial court set the motion for a hearing for October 8, 2024, and that, on October 30, 2024, the trial court entered an order granting the motion. Billy Ray Morris, the sole surviving beneficiary of the permanent injunction, appeals, arguing, among other things, that the trial court did not conduct an evidentiary hearing before entering its order granting the motion. However, as the main opinion concludes, Morris did not provide this court with a transcript of the October 8 hearing or a statement of the proceedings pursuant to Rule 10(d), Ala. R. App. P., so we cannot know what occurred at that hearing. See Ex parte Pruitt, 275 So. 3d 1148 (Ala. Civ. App. 2018). We do not know whether the trial court received evidence to support its ruling, whether the parties stipulated that the case could be decided without receiving evidence, see N.G. v. Blount Cnty. Dep't of Hum. Res., 216 So. 3d 1227, 1236 (Ala. Civ. App. 2016), or whether the trial court refused to consider any evidence over Morris's objection. The trial court would have

20

committed legal error only in the last circumstance. See Guillot v. State, 543 So. 2d 695 (Ala. 1989)(holding that a trial court errs by entering a permanent injunction without a requested evidentiary hearing). I concur with the main opinion that, in the absence of a complete record, we must presume that the trial court acted properly and that it did not erroneously deny Morris an evidentiary hearing. See Francis Powell Enters., Inc. v. Andrews, 21 So. 3d 726, 739 (Ala. Civ. App. 2009).

CL-2025-0116

BOWDEN, Judge, dissenting.

I respectfully dissent from the decision of the main opinion to affirm the October 30, 2024, judgment of the Baldwin Circuit Court ("the trial court") in favor of Celeste R. Lazzari and Cynthia Lazzari and against Billy Ray Morris.

The main opinion states that Morris has not provided this court with a transcript of the October 8, 2024, hearing[4] or provided a statement of the proceedings pursuant to Rule 10(d), Ala. R. App. P., and that, therefore, "[q]uite simply, we have no way to determine from the record before us that the trial court took no evidence at the October 8, 2024, hearing." ___ So. 3d at ___. The main opinion concludes that, because we do not know what happened at the hearing, we must presume that the trial court properly applied the law and presume that its judgment is correct. ___ So. 3d at ___ ("We presume that the trial court correctly

_____

[4]As discussed, infra, the record does not support a conclusion that a hearing took place on October 8, 2024; however, Morris does not specifically assert that argument on appeal as a basis for reversing the trial court's judgment. Accordingly, like the main opinion, I assume, without evidence, that a hearing took place before the trial court issued its October 30, 2024, judgment, and I refer to that hearing as the "October 8, 2024, hearing."

22

applied the law regarding Rule 60(b)(5) and that the trial court conducted an evidentiary hearing on that motion ....").

I agree that we do not assume error on the part of the trial court, but we also do not, as the main opinion proposes, apply a presumption of correctness to a trial court's judgment in all circumstances, especially not in its application of the law. <u>Compare</u> ___ So. 3d at ___ ("We presume that the trial court correctly applied the law ....") ("[I]n fact, we presume that the trial court ... applied [the governing] law correctly in entering the judgment ....") <u>with</u> <u>Espinosa v. Chamblin</u>, 390 So. 3d 542, 543 (Ala. 2023)("'[W]here ... the controversy involves questions of law for the court to consider, the court's judgment carries no presumption of correctness,'"), and <u>Allstate Ins. Co. v. Skelton</u>, 675 So. 2d 377, 379 (Ala. 1996)("[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the court's judgment carries no presumption of correctness."). Nor do we apply a presumption of correctness to the trial court's judgment in this circumstance, when the record does not <u>affirmatively</u> indicate that the trial court heard oral testimony that is not before this court on appeal.

23

Instead, by applying a presumption of correctness to the trial court's judgment -- when there is no affirmative evidence indicating that the trial court heard evidence that is not before this court on appeal -- the main opinion's reasoning is in conflict with well-settled precedents from this court and our supreme court regarding the effect of a failure to file a Rule 10(d), Ala. R. App. P., statement or a transcript of a hearing. According to those precedents, discussed infra, we presume that a trial court heard sufficient evidence to support its judgment when the record affirmatively demonstrates that the trial court heard oral testimony at a hearing for which there is no transcript or Rule 10(d) statement.

Because the record in this case does not affirmatively demonstrate that the trial court accepted oral testimony that is not before this court on appeal, we cannot presume that the trial court accepted sufficient evidence to support its judgment at the October 8, 2024, hearing. We must therefore apply the de novo standard of review to the trial court's judgment, see Phillips v. Knight, 559 So. 2d 564 (Ala. 1990)(applying de novo standard of review in the absence of affirmative evidence indicating that trial court received oral testimony at a hearing for which there was no Rule 10(d) statement or transcript). And based on the application of

24

that standard of review, the record is insufficient to support the trial court's judgment granting of the Lazzaris' "Rule 60(b)(5) motion."

Before the promulgation of Rule 10, Ala. R. App. P., we presumed that a trial court's judgment was correct if it <u>affirmatively</u> appeared that the trial court had received evidence that was omitted from the record on appeal. See <u>Melton v. Melton</u>, 288 Ala. 452, 458, 261 So. 2d 887, 893 (1972)("'<u>Where it is apparent from the record</u> that the trial court had before it evidence omitted from the record, it will be conclusively presumed that such evidence would sustain the trial court's findings.'" (emphasis added; citation omitted)); <u>Davis v. City Fed. Sav. & Loan Ass'n</u>, 288 Ala. 236, 237, 259 So. 2d 262, 264 (1972)("The rule is that <u>where it is apparent from the record</u> that the trial court had before it certain material documentary evidence which was not set out in the record, it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court will sustain the judgment." (emphasis added)). After the promulgation of Rule 10, however, we recognized that Rule 10 had superseded the presumption-of-correctness principle described in <u>Melton</u> and <u>Davis</u>. See <u>Adams v. Adams</u>, 335 So. 2d 174, 177 (Ala. Civ. App. 1976). In <u>Adams</u>, this court reasoned that because Rule

25

10 allows both the appellant and the appellee to designate what evidence appears in the record on appeal, an "appellee can no longer rely solely on the omission to gain affirmance"; instead, the appellee must also "designate for inclusion in the record whatever else is available to help his case." 335 So. 2d at 177; see also Committee Comments to Rule 10, Ala. R. App. P. ("Subdivisions (a) and (b) [of Rule 10, Ala. R. App. P.,] permit the parties to designate those matters in the clerk's record and in the transcript of evidence which are to be included with the record. … Since each party has the option to include such matters as he deems relevant and appropriate, [Rule 10] will abolish the existing presumption that if there is an omission from the record of any matter essential to a decision of any question presented on appeal, the ruling of the trial court will be deemed correct. Thus such cases as Melton v. Melton, 288 Ala. 452, 261 So. 2d 887 [(1972)] and Davis v. City Federal Savings & Loan Association, 288 Ala. 236, 259 So. 2d 262 [(1972),] are superseded." (emphasis added)).

The Adams court recognized, however, that, although Rule 10 allows the appellant and the appellee to designate what evidence should appear in the record, Rule 10(d) allows only the appellant to submit a

statement of the evidence. Thus, the <u>Adams</u> court noted, an appellate court should continue to apply a presumption of correctness to a trial court's judgment when (1) the record affirmatively demonstrates that there was oral testimony before the trial court that is not before this court on appeal and (2) the appellant has failed to file a Rule 10(d) statement. 335 So. 2d at 177. The <u>Adams</u> court stated: "Where, as here, it affirmatively appears that oral testimony was considered by the trial court in reaching its decision, and this testimony is not present in the record either as a transcript or as a Rule 10(d) summary, it continues to be conclusively presumed that the testimony is sufficient to support affirmance." <u>Id.</u>

Our precedent and the precedent of our supreme court since <u>Adams</u> have continued to demonstrate that an appellate court will apply a presumption of correctness to a trial court's judgment when (1) the record <u>affirmatively</u> demonstrates that the trial court received oral testimony not in the record and (2) the appellant failed to file a Rule 10(d) statement concerning the hearing at which that evidence was received. <u>See, e.g.,</u> <u>Owens v. Wallace</u>, 336 So. 2d 191, 193-94 (Ala. Civ. App. 1976) ("It … appears that evidence was taken before the trial court. Such evidence is

27

not included in the record before this court. We are informed that the testimony was not transcribed. We call to the attention of those interested this court's discussion of the relationship between Rule 10, [Ala. R. App. P.], and the well settled principle of law that the trial court's finding and conclusions on the facts will not be reviewed when it affirmatively appears there was evidence before the trial court that is not in the record on appeal. This discussion may be found in Adams v. Adams, Ala. App., 335 So. 2d 174 released by this court on June 30, 1976. Our conclusions in Adams, supra, would to this court require affirmance of the instant appeal."); Bateman v. Lee, [Ms. SC-2024-0757, Aug. 29, 2025] ___ So. 3d ___, ___ (Ala. 2025)(applying a presumption of correctness to probate court's judgment because the probate court "conducted a hearing at which [the appellant] testified" and explaining that " '[t]he rule is that where no testimony is contained in the record on appeal, a decree which recites that it was granted on pleadings, proofs and testimony will not be disturbed on appeal. And it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment, or decree where all the evidence is not in the record.' " (quoting Davis v. Davis, 278 Ala. 328, 330, 178 So. 2d 154, 155 (1965)(internal citations omitted)); Cockrell v.

28

*Cockrell*, 40 So. 3d 712, 717 (Ala. Civ. App. 2009)("[W]hen, as in this case, '"oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala]. R. [App]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment."'" (quoting *Quick v. Burton*, 960 So. 2d 678, 680 (Ala. Civ. App. 2006))); *Island Girl Outfitters, LLC v. Allied Dev. of Alabama, LLC*, [Ms. SC-2023-0561, Mar. 21, 2025] ___ So. 3d ___, ___ (Ala. 2025) (affirming trial court's damages calculation when trial court had held damages hearing "at which the trial court appear[ed] to have heard live testimony" but appellants did not provide a transcript of the hearing or a Rule 10(d) statement); *Construction Servs. Grp., LLC v. MS Elec., LLC*, 292 So. 3d 643, 649 (Ala. Civ. App. 2019)("[B]ecause the oral testimony heard by the trial court is not present in the record as either a transcript or a Rule 10(d)[, Ala. R. App. P.,] statement, we must conclusively presume that the testimony was sufficient to support the judgment; therefore, we cannot reverse the trial court's judgment with respect to MS Electric's unjust-enrichment claim based on Construction Services' insufficiency-of-the-evidence arguments." (internal citation omitted)).

Phillips v. Knight, 559 So. 2d 564 (Ala. 1990), another post-Adams decision, illustrates that we do not apply a presumption of correctness to a trial court's judgment merely because an appellant failed to file a Rule 10(d) statement regarding a proceeding for which there is no transcript; instead, there must be affirmative evidence indicating that the trial court received oral testimony before we apply a presumption of correctness. In Phillips, the Walker Circuit Court held a hearing on Jimmy Knight's motion to enforce a settlement agreement. After the hearing, the Walker Circuit Court granted Knight's motion to enforce the settlement agreement, "basing its order on the evidence submitted at the hearing on the motion." Knight, 559 So. 2d at 565. The evidence submitted at the hearing consisted of "'facts as stipulated and agreed upon by the parties.'" Id. Knight argued, similar to the reasoning of the main opinion and the Lazzaris, that because there was no transcript and no Rule 10(d) statement, "the facts as found by the trial court must be 'conclusively presumed' sufficient to support the judgment." Id. at 567. ("Knight also asserts that Phillips filed no statement as allowed by [Ala. R.] App. P. 10(d). He argues that because there is no Rule 10(d) summary, the facts as found by the trial court must be 'conclusively presumed' sufficient to

30

support the judgment."). The <u>Phillips</u> court rejected that argument. <u>Id.</u> at 568 ("A review of the authority cited by Knight persuades us that his argument is misplaced."). The <u>Phillips</u> court noted that "Rule 10[, Ala. R. App. P.,] imposes no absolute requirement that the appellant file such a statement, even though the burden is on the appellant if one is to be filed." <u>Id.</u> at 567. It noted that the standard from <u>Adams</u>, supra, is that it must "affirmatively appear[] that oral testimony was considered by [a] trial court in reaching its decision" before an appellate court may conclusively presume that that trial court received evidence sufficient to support its judgment. <u>Id.</u> at 568. The <u>Phillips</u> court therefore declined to presume that the trial court had heard evidence sufficient to support its judgment, even though Phillips had failed to file a Rule 10(d) statement, because "[t]here <u>was no oral testimony presented to the trial court</u>." <u>Id.</u>

Morris points out the principle from <u>Adams</u> in his reply brief, citing <u>Owens</u>, supra.[5] He argues that "[the Lazzaris] cannot cite to anywhere in

---

[5]Although Morris's argument based on <u>Owens v. Wallace</u>, 336 So. 2d 191 (Ala. Civ. App. 1976), appears for the first time in his reply brief, Morris's reply brief was his first opportunity to respond to the Lazzaris' proffered alternative basis for affirming the trial court's judgment, i.e., that this court must presume that the trial court heard sufficient evidence to support its judgment because Morris did not file a Rule 10(d), Ala. R. App. P., statement. Thus, we may properly consider Morris's

the record where it 'affirmatively appears' there was any evidence presented showing compliance with the judgment." Morris's reply brief, p. 13. Thus, Morris argues, this court should not apply a presumption of correctness to the trial court's judgment.

Morris is correct. Unlike the record in the numerous cases cited above, the record in this case does not affirmatively demonstrate that the trial court heard oral testimony that is not before this court on appeal. In fact, there is so little evidence in the record about the October 8, 2024, hearing that we cannot be certain -- based on the record on appeal -- that a hearing even took place on October 8, 2024. The only mention of a hearing on October 8, 2024, comes from an entry on the case-action-summary sheet dated September 9, 2024, which indicates that a hearing was scheduled for October 8, 2024. But no entry dated October 8, 2024, appears on the case-action-summary sheet, no party references the existence of a hearing on October 8, 2024, in any filing before the trial

---

argument, despite its first appearance in his reply brief. See Berry v. PHH Mortg. Corp., 388 So. 3d 643, 646 n.2 (Ala. 2023)("Although a reply brief is not required in every case, see Rule 28(c), Ala. R. App. P., that does not mean that a reply brief is not necessary in situations in which it is the only vehicle for rebutting an alternative basis for affirmance that is raised in the appellee's brief.").

court, and there is no order from the trial court referencing a hearing held on that date.[6]

Considering that we cannot even determine from the record that a hearing took place, the record clearly does not affirmatively demonstrate that the trial court heard oral testimony that is not before this court on appeal. Thus, we cannot apply the presumption-of-correctness rule outlined in Adams and its progeny. Instead, we are constrained to assess this case based on the evidence in the record that was before the trial court, as indicated by the record on appeal.

I acknowledge, like the main opinion, that "'it is the appellant's duty to ensure that the appellate court has a record from which it can conduct a review.'" __ So. 3d at ___ (quoting Zaden v. Elkus, 881 So. 2d 993, 1009 (Ala. 2003)). But Morris has not failed in that duty here. There

---

[6]The main opinion cites Morris's proposed order -- which the trial court did not rely upon -- as evidence that a hearing occurred before October 30, 2024. Of course, the filing of a proposed order -- which can be done at any time, before or after a hearing -- is not evidence indicating that a hearing occurred. But even if it were, Morris's proposed order notes that the court's order would come "after hearing arguments" at a hearing and requests an "evidentiary hearing" "in ninety (90) days." The proposed order, to the extent that it is relevant at all, is clearly evidence indicating that the trial court did not receive evidence that is not before this court on appeal at the October 8, 2024, hearing.

is no evidence indicating that the record he prepared lacks evidence that was considered by the trial court and is not before this court. Neither Rule 10(d) nor our precedent requires Morris to rule out every possible venue at which the trial court could have received evidence in order to avoid the application of a presumption of correctness to the trial court's judgment.

I am also concerned about the effect of this court's opinion on future decisions. Rule 10(d) is not mandatory with respect to every hearing at which a court reporter is not present. Phillips, 559 So. 2d at 567. But requiring an appellant to provide a Rule 10(d) statement in this case, when there is no affirmative evidence indicating that the trial court heard evidence not in the record on appeal, threatens to effectively make it so. After all, a savvy appellee could point to every unrecorded motion hearing as a hearing at which the trial court potentially heard evidence sufficient to support an ensuing judgment, regardless of whether the record affirmatively indicates that the trial court heard oral testimony at that hearing. Our precedents expressly hold that a Rule 10(d) statement is not mandatory, and we should not set the table for such a requirement with our holding in this case.

34

The main opinion states that "when this court is not presented with a transcript or, in lieu of a transcript, a statement of the evidence or a statement of the proceedings indicating what transpired at a hearing, … we cannot speculate regarding what transpired at the hearing." ___ So. 3d at ___. In support of that proposition, however, the main opinion cites a string of cases from decisions concerning petitions for a writ of mandamus. See ___ So. 3d at ___ (citing Ex parte Pruitt, 275 So. 3d 1148 (Ala. Civ. App. 2018); Ex parte A.H.R., 404 So. 3d 277 (Ala. Civ. App. 2024); and Ex parte Dumas, 259 So. 3d 669 (Ala. Civ. App. 2018)). Those cases concern appellate review of a petition for the writ of mandamus, which is governed by Rule 21, Ala. R. App. P.; this is a case involving an appeal, which is governed by Rule 10 ("the record on appeal"), and concerns the application of a presumption of correctness after a failure to file a Rule 10(d) statement.

Morris has presented us with "'a record from which [we] can conduct a review,'" ___ So. 3d at ___ (quoting Zaden v. Elkus, 881 So. 2d 993, 1009 (Ala. 2003)), and that record does not affirmatively indicate that the trial court heard evidence that is not before this court. Thus, we may not presume that the trial court heard sufficient evidence at the

October 8, 2024, hearing to support its judgment, and we are free to assess Morris's sufficiency-of-the-evidence argument based on the evidence in the record on appeal.

What does the record on appeal indicate was the evidence before the trial court? As Morris argues, the record on appeal indicates that the only evidence before the trial court when it considered the Lazzaris' "Rule 60(b)(5) motion" was Morris's affidavit. And that evidence, as Morris also argues, is not sufficient evidence to support the judgment granting the Rule 60(b)(5) motion.

> "An order either granting or denying relief under Rule 60(b)(5) or (6)[, Ala. R. Civ. P.,] is within the discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. Pollard v. Etowah County Comm'n, 539 So. 2d 225 (Ala. 1989). Rule 60(b)(5) applies only when 'new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable.' Id. at 228; Satterfield [v. Winston Indus., Inc., 553 So. 2d 61, 63 (Ala. 1989)]."

Anderson v. Anderson, 686 So. 2d 320, 323 (Ala. Civ. App. 1996) (holding that, "as required by Rule 60(b)(5), new facts had arisen" that rendered enforcement of a default judgment inequitable).

The Lazzaris did not present sufficient evidence indicating that they had satisfied the requirements of the August 2022 judgment or that

its permanent injunction should be dissolved. The August 2022 judgment

states, in pertinent part:

"1. The Court finds in favor of the [Morrises] …. The [Lazzaris] are permanently enjoined from altering the natural flow of water over and across their property and into Fish River by redirecting the same onto the [Morrises'] property.

"2. The [Lazzaris] are Ordered to immediately take all necessary steps … to capture or prevent runoff water from flowing onto the [Morrises'] property from the [Lazzaris'] property.

"….

"4. The Court awards the [Morrises] $2,500.00 for lost rental income."

Dissolving a permanent injunction requires evidence of changed

circumstances or conditions or evidence of a change in the law. Wilkinson

v. State ex rel. Morgan, 396 So. 2d 86, 89 (Ala. 1981). In Wilkinson, the

Alabama Supreme Court stated:

"The rule allowing the modification or dissolution of injunctions is recognized in most jurisdictions, viz.:

"'Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been

37

> changed, modified, or extended. Such change in the law does not deprive the complainant of any vested right in the injunction, because no such vested right exists.'

"42 Am. Jur. 2d, <u>Injunctions</u>, [§] 334 (1969) …."

396 So. 2d at 89 (emphasis omitted).

Morris's affidavit does not provide evidence indicating that the Lazzaris had complied with the August 2022 judgment. It does not indicate that the Lazzaris had taken actions to prevent runoff water from flowing onto Morris's property or that the Lazzaris had paid Morris $2,500 for lost rental income. It also does not provide evidence of changed circumstances or conditions necessary to dissolve the permanent injunction.

Conclusion

The main opinion improperly refuses to consider Morris's sufficiency-of-the-evidence argument, because there is no affirmative evidence in the record indicating that the trial court received evidence that is not before this court on appeal. When considering Morris's sufficiency-of-the-evidence argument, it is clear that the October 30, 2024, judgment was entered without sufficient evidence. I therefore

respectfully dissent from this court's decision to affirm the judgment of the trial court.